### MACHLITT v. MYERS et.

Ohio Appeals, 6th Dist., Lucas Co.

Decided Nov. 26, 1926

465. ERROR—Where there is some evidence on every point of each averment of petition for damages it is error for court to direct a verdict.

480. EVIDENCE—Where evidence is introduced showing that tender skin might be affected by application of arnica, it is error to exclude testimony showing that same party purchased more arnica from same place and same did not affect her skin, the weight of testimony is for the jury.

First Publication of this Opinion

RICHARDS, P. J.

This action was brought against Myers, a retail druggist, in the Lucas Common Pleas to recover damages resulting from the use of an improper drug, which they claimed was furnished when arnica was ordered. The trial judge directed a verdict for Myers et al, and error was prosecuted to reverse this decision.

The evidence disclosed that Mrs. Machlitt had sprained her ankle and upon application of the arnica thereto she suffered great pain, etc. An analyzed sample showed the arnica not to be according to specifications. The druggist defended upon the ground that he had purchased same from a reputable wholesale druggist and the drug sold was exactly the same that was ordered. The Court of Appeals held:

1. The bill of exceptions contains some evidence tending to sustain all the essential averments of the petition, and it was therefore sufficient to carry the case to the jury and the trial judge was in error in directing the verdict. Edelstein v. Cook, 108 OS. 346.

2. During the trial evidence was introduced to show that arnica would affect a tender skin. Mrs. Machlitt testified that she had purchased another bottle of arnica from Myers, and that same had no injurious effect. This testimony was excluded and this court is of the opinion that it should have been admitted, the weight of such testimony being for the jury.

Judgment reversed.

(Culbert & Williams, JJ., concur.)

Attorneys—Fritsche, Kruse & Winchester for Machlitt; W. H. McLellan, Jr., and George H. Lewis for Myers; all of Toledo.

---

## No. 321

### KRISTO v. KRISTO

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6800. Decided Oct. 4, 1926

413. DIVORCE & ALIMONY—Sec. 11993 GC. provides where divorce is granted upon the agression of the wife, there shall be a division of property; but where there is a motion to vacate granted to the wife upon the ground of concealment of property at time of divorce, the court cannot award alimony, as such an action is a new action and should be heard as if there had been no action pending.

First Publication of this Opinion

SULLIVAN, J.

This cause comes into court on proceedings in error from the insolvency court of Cuyahoga, wherein Mary Kristo sued for a divorce and alimony, and Dan Kristo sought a divorce on a cross petition; and later, on hearing, the petition of Mary Kristo was dismissed and a divorce granted to Dan Kristo and a division of property under the statutes was made. Subsequently a petition to vacate was filed by Mary Kristo upon the ground of concealment of property at time of the divorce and an additional sum was allowed. The question being under these facts whether alimony can be granted. The Court of Appeals held:

1. The divorce was granted on the agression of the wife, and while the court, under the statute, had authority after vacating the judgment upon proper hearing, to modify and supplement its former finding as to division of property, it does not have authority to grant alimony when same is not a further division of property.

2. The lower court was of the opinion that the evidence adduced at the hearing to vacate was only additional and therefore granted alimony without a rehearing upon the facts. This was prejudicial error because alimony being injected into the case, made it not a supplemental order, but a new matter upon which Dan Kristo was entitled to a hearing. Brandere v. Hoffman, 46 OS. 639.

3. Sec. 11993 GC. allows a division of property when divorce is granted at wife's agression, and does not mention alimony. Therefore when the motion to vacate was allowed, all the court could do was to make a further division of property as an action for alimony was a new action and should have been heard as if there had been no other action pending.

Judgment reversed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Fred F. Klingman for Dan Kristo; Phillip Sampliner for Mary Kristo; both of Cleveland.