## NELSON v NELSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2263. Decided March 10, 1933

Robert E. Bachman, Columbus, for plaintiff in error.

David A. Peiros, Columbus, for defendant in error.

BARNES, J.

Plaintiff in error prepared and had allowed a bill of exceptions setting out the testimony in narrative form, but before allowance, an amendment was allowed in which the defendant had the full stenographic copy of the testimony of all the witnesses for the defense and also the cross examination of the plaintiff.

Where there is controversy upon the question of the weight of the evidence, it is not satisfactory to have it presented in a narrative form, but the same having been allowed by the trial court it must be accepted as presented.

Counsel for plaintiff interposed a motion in this court to dismiss the error proceedings for the reason that the plaintiff had accepted the alimony payments of $10.00 per week; had filed contempt charges against the defendant for failure to pay as

per the order of the court, and had thus acquiesced in the decree and therefore would be barred from prosecuting error proceedings.

Briefs were submitted by counsel and this is the first question for determination.

We recognize the general principle that ordinarily a party to a litigation cannot take the benefits of a court order and then prosecute error.

We think that the situation is somewhat different in the instant case in that the order complained of by the plaintiff in error is separable and not necessarily affected by that part of the order of which she received benefits.

A further reason why we think this ruling does not apply is due to the fact that the order was erroneous as will be referred to in our determination on the merits. The motion, therefore, will be overruled, to which exceptions will be allowed.

Coming now to consider the questions raised in the error proceedings we are not inclined to disturb the finding and judgment of the court on the granting of the divorce to the defendant on his cross petition, although we are unanimous in the conclusion that the evidence does not show all the right on one side or the other. There was much wrong doing on the part of both.

The divorce having been granted to the husband on the aggression of the wife, she was not entitled to alimony as such.

Kristo v Kristo, 23 Oh Ap 29, (5 Abs 279).
Heflebower v Heflebower, 30 O.C.A., 545;
Fenn v Fenn, 20 C.C. (N.S.), 205.
Sec 11993, GC.

Said §11993 GC, restricts the order to a division of property where the divorce is granted the husband on the aggression of the wife.

This provision of the code for a division of the property is for the benefit of the wife and does not authorize making a division of the wife's property in favor of the husband. §§11992 and 11993, GC, are the only provisions wherein any allowance can be made to the husband when the divorce is granted to him. This allowance is by way of alimony and none other. The Code likewise provides the situation under which it may be allowed. It also prescribes the conditions the trial court should take into consideration in granting or withholding decree for alimony.

Sec 11992 GC, says in substance that the court may grant alimony to the husband when it appears that he is the owner of little or no property and the wife is the owner of lands or personal estate or both, and under such situation the court may decree such sum of money out of her estate payable in gross or by installments as it deems just, having due regard to all the circumstances of the parties.

In the instant case the court gave to the husband all the property which we are unable to conclude is just, regardless of the aggression of the wife. Furthermore, the husband had as much or more property than the wife, and, so he would not come under the provisions of the section authorizing the allowance where the husband has little or no property. Furthermore, in the instant case the earning power of the husband is very high and that of the wife very low. The trial court, neither in its opinion nor entry, makes any disclosure as to the theory upon which all real estate was given to the husband. It possibly and probably was due to the fact that the evidence discloses that the real estate was all purchased from savings out of his earnings and title taken in their joint name. This would not be ground to take the property away from the wife and give it to the husband. It was a consummated gift and belonged to her regardless of the methods or means of payment in the first instance.

In the light of the provision of the Code and the evidence it is our conclusion that the wife should not be divested of her title and interest in the real estate, and further that there was no right or authority in the court, after granting the divorce to the husband, to allow alimony to the wife, and now this court making the order that should have been made by the court below, it is decreed that the divorce will not be disturbed; that the decree of alimony to the wife will be set aside as will also the order decreeing the title to the real estate to the husband. The wife will be required to pay back so much of the $400.00 as has been paid to her and until she makes such payment a lien will be reserevd on her interest in the real estate. The decree may show that no alimony is allowed to the husband and that no division of property will be made, and thereby each will be made, and thereby each will hold their titles as they existed before the divorce proceedings, subject only to such rights therein of the respective parties as prescribed by law, together with the lien for installments as heretofore mentioned. The costs will be adjudged against the defendant in error. Decree may be entered accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.