**POTTER, Plaintiff-Appellee, v POTTER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3855. Decided January 31, 1946.

Sandles, Elliott & Ashbaugh, Columbus, for Plaintiff-Appellee.

358

W. B. Cockrell and Homer Z. Bostwick, Columbus, for Defendant-Appellant.

## OPINION

By HORNBECK, PJ.

. This appeal was submitted as upon questions of law having been declared to be such an appeal upon motion to dismiss the appeal on questions of law and fact. The brief of, appellant does not set out assignments of error under specific headings, but the basic claim is that the order of the Court awarding a certain automobile to the plaintiff is without authority in law.

The decree of divorce was granted to the plaintiff and carried an award of property to each of the parties. It is urged that the awarding to the plaintiff of an automobile, which was owned by the defendant, was a division of property which is not authorized by §11992 GC or §11993 GC. **Nelson v Nelson, 14 Abs 510,** and that the award authorized by these sections is alimony; that there is no prayer for alimony on behalf of the plaintiff and no factual development which would support such a decree.

We are satisfied that if the evidence supported such an order the Court could in the instant cause award alimony to the plaintiff out of the personal property of the defendant, and that this order could be made upon the general prayer for divorce without any specific prayer for alimony. **Ball v Ball, 47 Oh Ap 547; Borst v Borst, 14 Abs 525.**

No bill of exceptions has been settled and allowed in the case and we are therefore without the benefit of any evidence which may support the decree.

"In this situation every reasonable presumption prevails in favor of the regularity and legality of the proceeding of the trial court acting within its jurisdiction and the validity of its judgments, unless errors appear on the face of the proceedings or until they are shown to have been irregular or invalid." .

**17 O. Jur. 132.**

It is urged in the brief of appellant that certain affidavits and a deposition filed in support of defendant's motion for new trial afford proof of essential facts which clearly precluded the trial judge from awarding alimony to the plaintiff in that they establish that there was marked disparity in the financial resources of the plaintiff and the defendant, and that the plaintiff was comparatively well-to-do and the defendant was without any substantial resources whatever.

There are two sufficient reasons. why these affidavits and the deposition may not be considered by this Court; the first because they first appear on the motion for new trial and do not reflect the development of proof in the hearing on the divorce case upon which the trial judge predicated his decree as to property award; Fenn v Fenn, 23 C. C. N. S., 205; second, the affidavits and deposition were not carried into a bill of exceptions and are therefore outside the record and may not be considered upon any factual question involved on the appeal. Simes v Dayton-Xenia Railway Co., 24 Abs 595.

We therefore are without proof that the facts developed in the trial court were insufficient to authorize a decree of alimony to the plaintiff including the award of the automobile in question.

But it is urged that the decree itself establishes that it contemplates a division of property only and not an alimony award. Although the decree is not specific it does not require the conclusion that it is not an alimony award and in conjunction with the finding of the trial judge it appears to be so intended. In the finding it is said:

"In settling the property and alimony rights the Court terminates the temporary alimony order as of the date of the hearing of this case and awards to the plaintiff the automobile and to the defendant the furniture except the one small table referred to in the testimony as having been a gift from his family * * *."

And at the end of the finding, "Further alimony refused," etc.

The question sought to be raised by this appeal is interesting and novel, but in our judgment it is not exemplified on the record as it comes to us. Judgment affirmed.

WISEMAN and MILLER, JJ, concur.