**STATE, Plaintiff-Appellee, v. MASON, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 540. Decided October 21, 1954.

George R. Smith, Pros. Atty., Xenia, for plaintiff-appellee.
Schlafman & Elliott, Fairborn, for defendant-appellant.

## OPINION

By THE COURT:

This is a llaw appeal from the judgment of the Common Pleas Court affirming a judgment rendered by a justice of the peace finding the defendant guilty of assault and battery. The Common Pleas Court found the proceedings to be regular, from its examination of the transcript of docket and journal entries and since there was no bill of exceptions filed there was nothing further for its consideration.

The errors assigned may be epitomized as follows:

(1) The trial court was without jurisdiction.

(2) The Common Pleas Court erred in not allowing the defendant-appellant a trial de novo.

The justice had jurisdiction to hear the case, the same being conferred upon him by §13433-10 GC. The charge was a misdemeanor and it is admitted by opposing counsel that the defendant waived a jury trial, in writing. The cited section of the Code provides:

"* * * If the offense charged is a misdemeanor, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

Counsel urge, however, that the waiver was signed upon the misrepresentation that it was necessary in order to give the justice jurisdiction so that he could legally dismiss the case. This statement is foreign to the record as there is no bill of exceptions and there is a presumption of regularity to the proceedings. **Potter v. Potter, 46 Abs 357.**

We find the Common Pleas Court did not err in determining the appeal could be maintained only on questions of law. The finality to the action is clearly defined in the cited section of the Code, to wit: "* * * he may render final judgment.

A final judgment in a criminal case does not permit a trial de novo on appeal. The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.