**FISHER, Plaintiff-Appellant, v. FISHER, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1869.   Decided December 13, 1945.

Sheridan & McCarthy, Dayton, for plaintiff-appellant.
Julius Herchig, Dayton, for defendant-appellee.

## OPINION

By MILLER, J:

This is an appeal on questions of law from the Court of Common Pleas of Montgomery County, Ohio.   The action was one for divorce, custody of a minor child and an equitable distribution of money and property acquired by the parties during their married life.   Upon hearing thereof the Court granted a divorce to the plaintiff-appellant by reason of the extreme cruelty of the defendant-appellee, and the Court further awarded the custody of said minor child to the plaintiff-appellant.

The error assigned is that the trial court failed to grant

the plaintiff-appellant a fair and equitable part of the defendant-appellee's property, the decree in that respect being contrary to law and contrary to the weight of the evidence.

The record discloses that the parties herein were married for approximately five years; that during coverture the wife and husband both worked, she earning from thirty to thirty-five dollars per week and he from forty up to seventy dollars per week. The earnings of these two parties were pooled, household furnishings were purchased as well as a home, which cost $4000.00. At the time of the marriage the defendant-appellee had $1000.00 cash and approximately $900.00 secured by notes, which were subsequently paid. The home was placed in the name of both of the parties, and the mortgage, originally for $2000.00, has now been reduced to $190.00, which makes the home practically clear.

On the morning of the separation, without any notice, the plaintiff-appellant moved out of the home, taking with her a portion of the furnishings, the exact amount of which is in dispute.

The record discloses also that some of the savings were concealed in the home, amounting to from $500.00 to $800.00, and each accusing the other of taking this money. The defendant admitted having in his possession at the time of the separation, $40.00 in cash and $200.00 in Government bonds and a Chevrolet automobile, which was valued at anywhere from $250.00 to $350.00.

In its finding entry the Court found in part as follows:

"That the plaintiff and the defendant are joint owners of the household goods and furnishings and that the defendant has in his possession the sum of $240.00 in cash * * * and that the defendant is the owner of one Chevrolet automobile of the value of $250.00, and that the said parties are the joint owners of the following described real estate; * * * It is therefore ordered and adjudged by this court that the said parties retain their separate interest in said real estate and that the defendant herein is awarded the household goods and furnishings, automobile, all moneys in bank in the safe deposit box, and that said defendant pay to the plaintiff the sum of $350.00 in lieu of all interest which she may have in said household goods and furnishings, moneys in bank and automobile." (Emphasis ours)

This entry appears to us to be convincing that the court awarded no alimony to plaintiff although it was so characterized in the judgment entry. Obviously, the only purpose of the part of the entry which we have underscored is to re-

store to the plaintiff in money her share of the articles described. Having done this, the Court awards her nothing further which further award would have been alimony to which she was entitled under the statute, which, insofar as pertinent, provides, **11990 GC.**

"When a divorce is granted because of the husband's aggression * * the Court **shall** * * *, allow such **alimony** out of her husband's property as it deems reasonable * * *."
(Emphasis ours)

It is our conclusion that this express admonition and requirement of the section was not observed, although the $350.-00 awarded in the judgment entry is called "alimony". The Court could well have made the property division which is carried in the entry if the decree had been granted to the husband for the wife's aggression because it is nothing more or less than an equitable division of their property. Alimony begins when the Court requires the payment to be made to a party from the agressor's property, money or earnings.

In **Coffman, Admr., v Finney, Admr., 65 Oh St, 61,** the Court said:

"Upon the declaration of divorce by the Common Pleas for the aggressions of the defendant the law vested the right in the plaintiff to an allowance as alimony from the defendant's real and personal property. This right was an absolute one, and 'shall be allowed' is the imperative language of the statute. To the Court was left simply the fixing of the amount; it must be such as the Court should deem reasonable."

In the case of **Dewitt v Dewitt, 67 Oh St, 351:**

"It is to be noted that here are certain important mandatory provisions * * * she shall be allowed alimony out of her husband's real and personal property, and if she survives her husband, she shall be entitled to her right of dower in his real estate not allowed as alimony and to which she has not released her right. While the Court is granted much latitude as to the amount of alimony to be allowed it may not disregard these mandatory provisions; * *."

Also, in **Lape v Lape, 99 Oh St, 145:**

"Permanent alimony, it is true, is purely a creature of statutory creation, but it has been defined as late as the **83 Oh St 101,** in the case of **Fickel, et al. v Granger,** as being

'an award by the Court upon consideration of equity and public policy and * * * founded upon the obligation which grows out of the marriage relation, that the husband must support his wife, which obligation continues after legal separation without her fault'."

Since all the decree does is to put the parties in status quo as to their respective ownership in real estate and personal property and makes no award whatever to the wife as alimony, which should have been a share of the husband's money, real estate and/or personal earnings, the judgment is reversed and the Court is ordered to proceed further and grant an award of alimony which is reasonable and in conformity with the requirements of the General Code of Ohio.

HORNBECK, P. J. and WISEMAN, J., concur.