**MILLER, Plaintiff-Appellant, v MILLER, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County

No. 646. Decided April 9, 1946

592

George W. Porter, Greenville, for Plaintiff-Appellant.

T. A. Billingsley, and Jesse K. Brumbaugh, Greenville, for Defendant-Appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Court of Common Pleas of Darke County, Ohio. The action was one for divorce, alimony and settlement of property rights. The

Court granted a divorce to the plaintiff on the grounds of gross neglect of duty and extreme cruelty. This cause is appealed for the reason that the said Court erred in refusing to allow alimony to the plaintiff and in giving the property of the plaintiff to the defendant contrary to the facts and the statute. No issue is raised in this Court as to the divorce decree granted by the Court below.

The record discloses that the parties hereto were married on December 20, 1939; that at the time of her marriage the plaintiff was the owner of certain household goods and some other chattels as well as cash on deposit in the bank, and that the defendant was the owner of a five-acre tract of land and a small amount of chattel property; that some of the plaintiff's money was used in the construction of a house on the five-acre tract of land, and that in order to secure the plaintiff's investment in the said property the defendant in 1940 made and delivered to the plaintiff a deed for the undivided half of said five-acre tract, and that said undivided half interest is still in the possession of the plaintiff subject to an order of sale by the Court below.

The record further discloses that during the years 1943, 1944 and 1945 both of the parties hereto worked at a factory in Dayton, Ohio, each earning approximately $5,000.00 per year. Prior to the marriage it was agreed that the plaintiff was to be the custodian of all of the moneys earned by these parties and this was accordingly done.

The record discloses further that at the time the Court below granted the divorce all the property owned by the parties hereto amounted to approximately $9500.00, the real estate being appraised at $6000.00 and the remainder being cash on hand, bonds and other personal property. The Court in making distribution of the property deducted the first $1000.00 from the sale of the real estate and gave this to the defendant. The balance of the sale price of the real estate was to be distributed equally between the plaintiff and the defendant. This divesting of the plaintiff of part of her interest in the real estate is claimed to be error.

The record discloses further than the total award to the defendant amounted to approximately $5300.00 and that to the plaintiff amounted to approximately $4200.00. The decree for divorce makes no mention of alimony and since the defendant was granted approximately $1100.00 more than the plaintiff from jointly held properties it would indicate to us that no alimony was granted to this plaintiff. **Sec. 11990 GC** provides:

"When a divorce is granted because of the husband's aggression the Court shall * * *, allow such alimony out of her husband's property as it deems reasonable * * *."

It is our conclusion that this express admonition and requirement of the General Code was not observed. The Court could well have made the property division which is carried in the entry if the decree had been granted to the husband for the wife's aggression, because it is nothing more or less than an attempted equitable division of their property. Alimony begins when the Court requires the payment to be made to a party from the aggressor's property, money or earnings. This Court adopted this theory only recently in the case of **Fisher v Fisher**, No. 1869 of the Court of Appeals for Montgomery County, Ohio, (**45 Abs 247**), and decided December 13, 1945, which is reported in 64 N. E. Rep. (2d), p. 328.

We are of the further opinion that the Court had no power, in the absence of agreement between the parties, to divest the plaintiff of title to her real estate by giving the defendant the first $1000.00 of the proceeds received therefrom.

The judgment of the trial court is reversed and the Court is ordered to redistribute the property by making an award of alimony which is reasonable and in conformity with the General Code of Ohio.

. HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.