IN RE GUARDIANSHIP OF ZIMMERMAN ET AL.

(No. 4059—Decided March 19, 1945.)

*Mr. Ralph Emery* and *Mr. George H. Lewis,* for appellees.

*Mr. Louis R. Young,* for appellant.

STUART, J. This is an appeal on questions of law from the final orders and judgment of the Probate Court of Lucas county, Ohio, determining an accounting of the guardianship of the estate of three children of Mrs. Celia Zimmerman, who at the time of the com-

mencement of the proceedings in the Probate Court were minors.

Mrs. Celia Zimmerman was, on May 10, 1926, appointed by the Probate Court of Richland county, Ohio, administratrix of the estate of her husband, Max Zimmerman, who died May 3, 1926, the father of their three minor children, Stanley Zimmerman, Florence Zimmerman and Sylvia Zimmerman. Stanley Zimmerman and Florence Zimmerman became of age on or about December 11, 1937. Florence Zimmerman has since married and is now Florence Zimmerman Schall. Sylvia Zimmerman married when she was about eighteen years of age, becoming Sylvia Zimmerman Remer and became of age on or about January 16, 1930. Mrs. Celia Zimmerman died on or about April 28, 1936.

The administratrix filed her final account therein and was discharged by that court in December 1927. Attached to and filed with her final account were three receipts, dated October 11, 1927, signed by Celia Zimmerman and William H. Gunckel as joint guardians of such minors, for the sum of $8,764.24 each, representing the distributive share of each of the minors respectively therein, Celia Zimmerman and William H. Gunkel having been appointed such joint guardians by the Probate Court of Lucas county, Ohio, in which county the minors then resided, and duly qualified as such with the Massachusetts Bonding & Insurance Company as surety in the sum of $25,000.

This matter was before this court in cause No. 3826 on appeal on questions of law from the order of the Probate Court settling the account of William H. Gunckel as one of the guardians of the estate of the children of Mrs. Zimmerman. William H. Gunckel had filed an account stating that he had received no funds on behalf of the wards, to which exceptions were filed on their behalf. The exceptions asserted that he

had received funds of the wards but the Probate Court found that he had received no such funds. This court reached the same conclusion and affirmed the finding of the Probate Court.

The case was taken to the Supreme Court of Ohio by appeal on questions of law and the allowance of a motion to certify. The decision of the Supreme Court is reported in the case entitled *In re Guardianship of Zimmerman et al., Minors,* 141 Ohio St., 207, 47 N. E. (2d), 782. The judgment was reversed and the case remanded to the Probate Court for further proceedings according to law.

After the case was remanded by the Supreme Court to the Probate Court, Louis R. Young, an attorney at law, who had been appointed administrator of the estate of Celia Zimmerman, deceased, at the instance of attorneys for the three children, filed an account purporting to be on her behalf as one of the guardians of Stanley Zimmerman, Florence Zimmerman and Sylvia Zimmerman, and stating "that said decedent in her lifetime received the following sums of money as joint guardian of the property of Stanley Zimmerman, Florence Zimmerman and Sylvia Zimmerman:

"Oct. 11, 1927 on behalf of Stanley Zimmerman $ 8,764.24
Interest to August 11, 1943  13,140.33

"Oct. 11, 1927 on behalf of Florence Zimmerman  8,764.24
Interest to August 11, 1943  13,140.33

"Oct. 11, 1927 on behalf of Sylvia Zimmerman  8,764.24
Interest to August 11, 1943  13,140.33

"Total receipts  $62,712.71

"Total disbursements            none
"Balance due wards         $62,712.71"

Exceptions were taken to this account by the bonding company and upon hearing thereon, and further proceedings in accordance with the mandate of the Supreme Court on the exceptions formerly taken to the account of William H. Gunckel by the children of Max and Celia Zimmerman, the exceptions of the bonding company were overruled, the exceptions of the children sustained and judgment rendered in favor of the children against William H. Gunckel and Louis R. Young as administrator of the estate of Celia Zimmerman, deceased, for the sum of $65,067.50 with interest at the rate of six per cent per annum, and notice of appeal therefrom was duly filed by the bonding company, Gunckel, and Young as such administrator, but no further proceedings were taken by him.

Although no motion to dismiss the appeal of the bonding company was filed herein, appellees, on the argument, challenged its right to appeal for the reason that no judgment was rendered against it in favor of the appellees.

Section 10506-37, General Code, provides that exceptions to an account "may be filed by any interested party," and inasmuch as Section 11652, General Code, provides that "Sureties on the bond of an executor, administrator, guardian, or trustee, may be made parties to a judgment thereon against the principal, by action," the overruling of its exceptions to the account was a final order as to it in the proceeding.

The Supreme Court having remanded the case "to the Probate Court of Lucas county for *further* proceedings according to law," the fact that thereafter a surety filed exceptions to a subsequent account made by the representative of a deceased joint guardian did not expunge or extinguish the proceedings thereto-

fore had therein and therefore appellant's objections to the consideration thereof by the Probate Court on the further hearing are not well taken.

The refusal by the trial court to state its findings of fact separately from its conclusions of law is assigned as error.

While the Supreme Court has said that the provisions of Section 11421-2, General Code (formerly numbered Section 11470), confer a substantial right and are mandatory, in *Oxford Township* v. *Columbia,* 38 Ohio St., 87, it said, at page 94:

"This provision is one of much importance, and it is in no sense directory. That there was no proper compliance with the request is admitted; and it is clear to us that the action of the court in that respect affords ground of reversal, unless it be shown that the plaintiffs were not prejudiced thereby. But we are of opinion that it is shown that there was no such prejudice as to call for a reversal on that ground. The record contains all the testimony offered on the trial, and objection is made that the judgment below is opposed to the weight of the evidence. In deciding the case, therefore, we necessarily ascertain the facts."

In the case of *Bauer* v. *Cleveland Ry. Co.,* 141 Ohio St., 197, 47 N. E. (2d), 225, decided March 3, 1943, the court, at page 201, reiterated this declaration, citing *Oxford Township* v. *Columbia, supra,* and *Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149, 135 N. E., 531, as authority therefor, and at page 203 says:

"A further purpose of such findings of fact is to avoid the necessity of an extended bill of exceptions on review."

We have before us a complete bill of exceptions and it does not appear from the record herein that appellant was prejudiced by such refusal.

The Supreme Court says in paragraph two of the

syllabus in the case at bar (*In re Guardianship of Zimmerman, supra*), the Probate Court has plenary power "to require such guardian to account not only for all of the estate of his ward which came into the guardian's hands but as well for all the estate of his ward which should have come into his hands through the exercise of reasonable diligence and that care of his ward's estate which a reasonable man would have used in the conduct of his own affairs."

And again at page 222 of its opinion:

"The record in the instant case discloses no facts which would excuse Mr. Gunckel under the doctrine of *State* v. *Guilford,* 18 Ohio, 500."

It further says, at page 223:

"What the final record in the case may disclose we do not know but under the record as it now stands this fiduciary, after having solicited the appointment and having receipted for substantial sums of money on behalf of his wards, cannot be heard to say that the estates of these wards are no concern of his and that he fully accounts for same when he says that contrary to his receipt and his duty in the premises, he received nothing and is not liable to account for anything."

Celia Zimmerman, when appointed a guardian herein, was administratrix of her deceased husband's estate from which the assets of the wards' estates derived. The first paragraph of the syllabus of the Supreme Court's opinion reads as follows:

"1. Under Section 10917, General Code (108 Ohio Laws, pt. 2, 1162), in effect prior to January 1, 1932, no person who at the time was or had been an administratrix or executrix of a last will prior to the approval of her final account as such executrix or administratrix might be appointed a guardian of the estate of a minor who was interested in the estate administered upon or

entitled to an interest under and by virtue of such will.''

On page 212 of its opinion in this case, the Supreme Court says :

'' * * * the appointment of the mother may have been void, with the result that she may have been a *de facto* guardian,''

And again on page 226 :

''If it is found that the mother was only a guardian *de facto,* her personal representatives may be still held to account. Even though it be held that the mother was not even a guardian *de facto,* her personal representatives may still be called upon to account under Section 10506-67, General Code.''

The court sets forth in full the section referred to, which prescribes proceedings against any person suspected of having concealed, embezzled or conveyed away any effects of an estate.

The Probate Court found that she was at least a *de facto* guardian. Whether she was a guardian *de jure, de facto,* or neither, she obtained the assets of her wards under *color* of the appointment for which she was able to qualify by the act of the bonding company in becoming her surety.

*State* v. *Carter,* 67 Ohio St., 422, 66 N. E., 537, was decided upon exceptions of the prosecuting attorney to the several decisions of the trial court in the trial of Carter upon an indictment for the embezzlement of monies which it was alleged came into his possession by virtue of his office as clerk of the village of Madisonville. It was the contention of the defendant, sustained by the trial court, that the ordinance providing for the payment of certain assessments to him as clerk was void and that the monies did not come into his hands by virtue of his office. The Supreme Court says, at page 437 therein:

"Carter, the village clerk, availed himself of the provisions of the ordinance so far as to receive from the village taxpayers sums of money which they were required to pay within a certain period to avoid certification of the same by him to the county auditor. He did this under at least *colorable* authority, and gave receipts as the clerk of the village. Is it any defense to his embezzlement of these funds for him to say the ordinance is invalid? By its provisions he agreed and undertook to be the servant and agent of the village in collecting and disbursing these assessment funds. He discharged that part of his engagement which relates to the collection of the moneys, and after pocketing the same, he asserts that there is no valid law to punish him for embezzlement. Such a defense is brazen, if nothing more.

"Some courts have denied such a defense on the doctrine of estoppel, which they are willing to apply to this class of crimes, as well as in civil actions."

And again at page 438 of that report:

"If the ordinance was recognized by the clerk as sufficient authority for him to obtain control and possession of the public money, he acted upon it as a valid ordinance, the same as did the lot owners in paying to him their assessments. If it was sound enough to enable him to receive the money, it was sound enough to '*charge*' him with its safe-keeping and disbursement; and if so '*charged*,' and he converted the funds to his own use, he is guilty of embezzlement. 'If he was officer enough to receive the money, he was officer enough to be punished for embezzling it,'—as said by the court in one of the above cases."

And on page 439, the court quotes from *State* v. *Pohlmeyer*, 59 Ohio St., 491, 52 N. E., 1027:

" 'And the rule that one who receives money or any other thing of value in the assumed exercise of au-

thority as agent for another, is estopped thereafter to deny such authority, applies in criminal prosecutions as well as in civil actions.' The application of the foregoing to this case is apparent.''

It will be borne in mind that *State* v. *Carter, supra,* was a criminal case in which, unlike the instant case, the responsibility of the defendant had to be established beyond a reasonable doubt.

The Supreme Court further says in the *Zimmerman opinion, supra,* at page 215:

''Passing to the Ohio statutory law, a guardian of the estate of a minor is appointed to *take care of the estate* in the manner prescribed by statute. If the guardian fails so to care for the estate of his ward and through such negligence loss results to the ward, the guardian and his bondsman are liable to account for that portion of the ward's estate so lost.''

And on page 224 of the opinion:

''The Probate Court has a plain duty and plenary power to require Mr. Gunckel, if he be the sole guardian, either by virtue of original appointment or survivorship, and both of the guardians, through the personal representative of the deceased one, if appropriate, to account fully for their care or lack of care of the assets belonging to the estates of these wards. It is the duty of the Probate Court to fix the liability, if any, to the wards of these guardians, and each or either of them, and their bondsmen.''

This the Probate Court has done.

Finding no prejudicial error apparent on the record, the judgment of the Probate Court is affirmed.

*Judgment affirmed.*

CARPENTER and CONN, JJ., concur.