HUFF, APPELLEE, *v.* HUFF, APPELLANT.

(No. 715—Decided June 10, 1946.)

*Messrs. Bowman, Hanna & Middleton,* for appellee.
*Mrs. Eva Epstein Shaw,* for appellant.

STUART, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas entered in an action instituted by the filing by plaintiff, appellee herein, of a petition praying for a divorce from his wife, defendant and appellant herein, and in which action defendant filed an answer and cross-petition praying for a divorce and temporary and permanent alimony. The case was tried on the issues joined by those pleadings and the reply of the plaintiff. The trial court dismissed the petition and, granting the prayer of defendant's cross-petition, dissolved the marriage contract for the aggression of the plaintiff and made a division between the parties of the real property owned by them, each to have and possess his or her portion in his or her own right and each divested of all right, title, interest or claim by dower or otherwise of the other in and to the property so awarded to the other and each to convey to the other in fee simple the premises so set off to such other. The court awarded the custody of the minor child to the defendant, made provision for the child's support and made a division of the personal property.

The provisions of law regulating divorce and alimony proceedings in this state are found in Sections 11979 to 12003, inclusive, General Code, and of those sections the only ones relating to the property and pecuniary rights of the parties as between themselves and relating to the court's power in regard thereto, in the order in which they become applicable and may be invoked in such proceedings, are as follows:

Section 11994 authorizes the court to "grant *alimony* to either of the parties for his or her sustenance and

expenses during the suit, and allowances for the support of minor children.'' (Italics ours.)

Section 11990 provides that where a divorce is granted because of the husband's aggression, the court shall allow the wife such *alimony* out of her husband's property as it deems reasonable.

Section 11991 provides: ''Such *alimony* may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or instalments, as the court deems equitable.'' (Italics ours.)

Section 11992 reads: ''When it appears to the court that the husband is the owner of little or no property and the wife is the owner of lands or personal estate, or both, the court may adjudge to the husband such *share* of her real or personal property, or both, or may decree to him such sum of money out of her estate, payable in gross or by instalments, as it deems just, having due regard to all the circumstances of the parties.'' (Italics ours.)

It follows that under the three last-cited sections, where a divorce is granted on the aggression of the husband and he ''is the owner of little or no property,'' the court may adjudge to the husband a share of the wife's property. Those provisions, in that regard, can have no application to this case, as it appears that the parties were the joint owners of substantially all the property involved.

Section 11993 provides: ''When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such *share* of the husband's real or personal property, or both, as it deems just; or the husband shall be allowed such *alimony* out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage, and the value of

her real and personal estate at the time of the divorce. Such *alimony* may be allowed to him in.real or personal property, or both, or by decreeing to him such sums of money payable either in gross or by instalments, as the court deems equitable." (Italics ours.)

Under Section 11998, on petition for alimony alone, the court shall "give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by instalments."

Section 11999 reads: "Such judgment shall restore to the wife all her lands, tenements, and hereditaments not previously disposed of, free from the control or interference of her husband, unless the court, for good cause, vests such property or powers in trustees, for her use and benefit."

That section has become inoperative by the enactment in 1887 of the "Married Woman's Act" (Sections 7995 to 8004, General Code) which did.away with the common-law rules with regard to interests and rights of husband or wife in the property of the other.

"A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective." *Marleau* v. *Marleau,* 95 Ohio St., 162, 115 N. E., 1009. See, also, *DeWitt* v. *DeWitt,* 67 Ohio St., 340, 66 N. E., 136.

In *Durham* v. *Durham,* 104 Ohio St., 7, 9, 11, 135 N. E., 280, the Supreme Court said:

"This court is committed to the principle that in divorce and alimony proceedings the court in awarding alimony is controlled by statute, and is not authorized to exercise general equity powers. * * *

"In divorce the trial court is given a wide latitude of discretion in the allowance of what the statute terms alimony, the court being permitted upon finding who is the aggressor to award the one aggrieved either a share of the other's property, or alimony out of real or personal property, based not only upon requirements of support and maintenance, but with regard to the property which came to one or the other by marriage, and the value of the real and personal estate held by such person at the time of divorce. Those sections [11990, 11991, 11992 and 11993, General Code] contemplate a final dissolution of the marriage contract and a final termination of the marital relation. The award, whether denominated alimony or share of the property, is made only where divorce has been obtained."

Under the Code, there is no express authority to divide property of the parties, no matter to what extent the court might be impelled to equalize their holdings by an award of alimony to one of the parties out of the property of the other, and, in view of the amendment to Section 11986, General Code, effective January 1, 1932, providing that upon the granting of a divorce each party shall be barred of all right of dower in real estate of the other by force of such judgment, it is unnecessary and superfluous to incorporate in the order of the court such bar which arises by operation of law.

As substantially all the real estate involved is owned by the parties jointly, a division thereof would in effect partition such real estate between them, a result to be accomplished only in a proceeding in partition.

Cases cited, which were decided prior to the amendment of Section 11986, General Code, in 1932, are of little assistance in the instant case.

Since we find that the judgment of the court, making a division of the property between the parties, barring dower of each in the property awarded to the other and directing that each convey to the other in fee simple the premises so set off to the other, is erroneous, the judgment in its entirety is reversed and the cause is remanded to the trial court for a new trial.

*Judgment reversed and cause remanded.*

CARPENTER and CONN, JJ., concur.