**OWENS, Plaintiff-Appellant, v. OWENS, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6997. Decided October 25, 1948.

Samuel Plotnick, Harry Falk, Cincinnati, for plaintiff-appellant.

Becker & Loeb, Cincinnati, for defendant-appellee.

## OPINION

By HILDEBRANT, J.:

In the trial court, plaintiff-appellant obtained a divorce from defendant-appellee for his aggression, and an alimony award of defendant's undivided one-half interest in certain real estate, all household goods, government bonds, and money.

In the decree and final entry, overruling plaintiff's motion for judgment notwithstanding the decree, the court found plaintiff had no legal or equitable interest in certain real estate held as tenant in common with defendant and his mother, and ordered plaintiff to convey same to the defendant.

Appellant claims the court exceeded its statutory jurisdiction in making the above order, and erroneously exercised a general equity jurisdiction, which it did not possess. With this claim, this court is in agreement. In **DeWitt v. DeWitt, 67 Oh St, 340**, it is stated in the first paragraph of the syllabus:

"Under Section 5699, Revised Statutes, as the same stood prior to the amendment of May 19, 1894 (91 O. L., 348), it is error for the court, having granted the wife a divorce for the aggression of the husband and awarded her alimony payable in money to attach to the payment of such alimony a condition that she quitclaim to the husband her interest in her own lands, and of dower in his lands, and surrender to him promissory notes which she holds against him."

In **Mark v. Mark, 145 Oh St, 301**, at page 308, Turner, J., states:

"It should be borne in mind that this is a statutory divorce and alimony case and not a chancery case."

In **Miller v. Miller, 78 Oh Ap, 381,** the court held in 3rd paragraph of the syllabus:

"Where the court grants a divorce to the wife, it has no power, in the absence of agreement between the parties, to divest the wife of any part of her title to her undivided one-half of jointly-owned real estate by giving the husband the first $1000 of the proceeds therefrom and then equally dividing the remainder."

See, also: **Fisher v. Fisher, 78 Oh Ap, 125.**
The rule is stated in **14 O. Jur., 380,** as follows:

"The granting of divorces is a matter which is regulated entirely by statutory provision, and while it has been said that an application for a divorce invokes the equitable jurisdiction of the court, such jurisdiction does not arise out of any inherent powers of. courts of chancery in such cases, but exists only by virtue of the provisions of the statutes relating to the subject."

It is argued that this court should modify the decree by striking out the order complained of and affirm it in all other respects. To do so would seem to deprive the trial court of an opportunity to exercise its judicial duty of allowing such alimony out of the husband's property, as it deems reasonable, taking into account its lack of jurisdiction to order a conveyance of the plaintiff's real estate. That this is a proper element for the consideration of the court, we quote from **DeWitt v. DeWitt, 67 Oh St, 340, at page 353:**

"We do not hold that the trial court may not, in fixing the amount of alimony, acquaint itself with the wife's pecuniary condition, but we do hold that the court may not abrogate the statute."

We, therefore, affirm that part of the decree granting divorce and reverse the entire decree granting alimony and remand the cause to the trial court with instructions to make the alimony award in accordance with statute.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in the syllabus, opinion and judgment.