**FLATTER**, Plaintiff-Appellee, v. **FLATTER** et, Defendants-Appellants.

Ohio Appeals, Second District, Darke County.

No. 725. Decided December 31, 1954.

Spidel, Staley & Hole, Greenville, for plaintiff-appellee.
S. E. Mote, Greenville, Co-Counsel, T. A. Billingsley, deceased.
Gertrude A. Bucher, Dayton, for defendants-appellants.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment of the Common Pleas Court decreeing a divorce to plaintiff for the aggression of the defendant on the grounds of gross neglect of duty and extreme cruelty, determining property rights, awarding alimony and custody of the two minor children of the parties, fixing the amount of support money for them, and making other adjudications.

The plaintiff charged that the defendant was guilty of gross neglect of duty and extreme cruelty, prayed for a divorce, custody of the two minor children, alimony and settlement of property rights. Defendant, after a denial of the charges, cross-petitioned alleging gross neglect of duty and extreme cruelty.

Nine errors are assigned in the original brief of appellant. In a later brief, counsel for appellant discuss many alleged errors, some of which are reached only by the ninth assignment, "other errors apparent in the record", and argued for the first time in the supplemental brief of ap-

pellant. There were errors in this case which were definitely prejudicial to the plaintiff but she has not appealed. There were also errors that we believe were prejudicial to the defendant. We will discuss them later.

The evidence, construed in its most favorable light to the plaintiff, as we are required to do on this appeal, supports the finding of the trial judge as proof of grounds for the divorce decree which was granted to the plaintiff. It would serve no good purpose to burden this opinion with the evidence justifying the decree.

In no view of the evidence would it support a finding of extreme cruelty against the plaintiff, much less that she was chargeable with gross neglect of duty. The only question of moment involves the judgment of the court in granting a divorce to the plaintiff, even though she established grounds therefor, in view of the testimony tending to show misconduct on her part. Although divorce is strictly a statutory proceeding, many courts invoke the equitable maxim that a party, to secure a decree, "must come into court with clean hands". In applying this rule the trial judge is vested with the widest discretion. In this case it was employed to the advantage of the plaintiff. We can not say that it was abused. We make the observation that, had it been resolved against the plaintiff, we would have held that the court was within its province in so holding.

Our discussion above disposes of, in the main, assignments of errors Nos. 1 and 2.

The third assignment is that:

"The court erred in fixing the valuation of the real estate at $13,500, and in finding against the $1,000 note of Earl Flatter and in awarding the wife an unreasonable amount of alimony or division of property."

The evidence of the value of the realty varied from $11,000 to $16,000. Although not determinative, it is to be noted that the plaintiff stated that she would give $14,000 for the farm and the defendant would not say that he would not give $13,500 for it. This testimony is not in the usual form of fixing value but both of the parties could have testified as to value and what they say indicates that the court was correct in its appraisal. Manifestly, there was ample support for the value which the court eventually fixed. We reserve further observation as to the unreasonableness of the alimony award, the division of property and the failure to find with Earl Flatter on his $1,000 note, and will discuss these questions later.

The fourth error assigned is that the court erred:

"In ordering hogs that were not fit for market sold without the consent or acquiescence of the defendant, at a price that was inadequate."

It is indeed doubtful if the order of the court respecting the sale of these hogs was proper in this divorce proceeding which is not, in any sense, a receivership. However, the test that we must apply is whether or not the order resulted in prejudice to the defendant. We cannot so find. It is common knowledge that hogs must be marketed when ready. Although it is claimed that the hogs were sold when not fit for market, and that the price which they brought was inadequate, there is not the slightest proof of either of these claims.

The fifth assignment has been heretofore considered.

The sixth and seventh assignments relate to certain statements made by the court in the opinion in passing on the merits of the case. There were no special findings of facts, the statements were not carried into the judgment entry, and are neither material nor decisive of any issue, as we read them. In probability counsel have misinterpreted the observations of the court. The trial judge did not hold that the failure of the husband to remonstrate with the individual against whom he was making complaint was a defense to any proven misconduct on the part of the wife, but that inasmuch as the conduct was the basis of the charge of extreme cruelty against her, under the circumstances appearing, the husband had some obligation to assist in changing these conditions. This was a natural and logical reaction to the conduct of the defendant. Although he may not have been entirely responsible for the presence of the man in question in his home, there is no doubt that, in part, he was so responsible. Why he would not at some time remonstrate against this individual himself is difficult of understanding.

The ninth assignment is that:

"The court erred in considering the report of an investigating officer on the case without permitting the defendant to examine him as to the source of his finding or to cross-examine him."

This error is not exemplified on the record. There is no showing of any request to examine the investigator, the source of his finding, or to cross-examine him, or of any denial whatever of such right.

The eighth assignment is general, other errors apparent upon the face of the record.

The court in its order found that the parties owed the parents of plaintiff $1,237.00, with interest, and Earl Flatter $824.00, with interest, but refused to allow Earl Flatter $1,000 on a note which he claimed to hold against one of the parties.

We have grave doubt as to the authority of the court to find for or against any of these claims and to order that they be paid or not paid out of the proceeds of the sale of the property of the parties. Assuming that the court had the authority to allow the $1,000 note of Earl Flatter, we could not hold that it erred in not doing so because as a claim against the assets it was the subject of substantial dispute.

The creditors of one or both parties in a divorce action may not have their claims adjudicated and ordered paid out of the funds of the parties. Certainly the holding of the court against the Flatter note does not preclude an action by him to recover upon it. A party to a divorce action should not be required to defend against creditors in that action. If it were the approved practice to adjudicate claims of simple creditors in divorce cases with the right of jury trial, without making them parties, or pleadings they would take on the aspect of extended and prolonged law suits. The divorce forum is not the place for such adjudications.

We now discuss the claim that the alimony award and property settlement were excessive. We are unable to comprehend the rationale of this contention. Let us examine the figures.

The court found properly, upon the evidence, that the real estate and personal property was jointly owned by the parties; that the total value

of this property was $21,003.50. The debts which the court required to be deducted from this amount were, with interest, about $2,175, leaving a balance of $18,828.50. As each party owned one-half of this value, the amount was $9,414.25, but the court awarded plaintiff but $8,000 in property settlement. If we are correct, the court penalized plaintiff to the extent of more than $1,000. The alimony as stated in the judgment entry was fixed at the sum of $182.25. It is obvious that the error in this award was to the prejudice of the plaintiff, but she is not appealing.

We make some observations concerning the so-called property settlement. The statute which controls the award of alimony provides:

"Sec. 3105.18 R. C.: The court of common pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either party by their marriage, the earning capacity of either, and the value of real and personal estate of either at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

The court indicated no purpose to award alimony except the $182.25 so designated, and this was to the plaintiff. The judgment entry further provides that the total sum of $8,182.25 shall be paid by defendant to the Clerk of Courts, within forty days, in full satisfaction of alimony in the sum of $182.25 and property settlement in the sum of $8,000; and that at the same time the said Naomi Ruth Flatter shall execute a deed for her interest in the land and release by necessary conveyances all her right, title and interest in and to any of the chattel property heretofore referred to. By a former paragraph of the entry it was provided that of the cash in custody of the Clerk in the amount of $2,098.50 there first be paid the amount found due to two of the creditors of the parties and that "The plaintiff, out of said property above enumerated, shall receive as alimony the sum of $182.25 and the sum of $8,000 as property settlement, and the household goods which she now has in her possession."

As we have heretofore said, the order that certain sums be paid to creditors of the parties cannot be supported and it was prejudicially erroneous to so provide.

The order respecting the payment of $8,182.50 within forty days, and if not made that the real estate be sold, but that if paid, the plaintiff deed all of her share in the real estate and transfer her interest in the personal property to the defendant, is prejudicial not only to the plaintiff but to the defendant. It accomplishes a partition of the property, a remedy not permissible in divorce cases. It forces the plaintiff, even though she may not desire to do so, to sell her half interest in all of the property. It requires the defendant to raise a sum of money within forty days, which might be difficult.

The court found that the parties owned the property listed, real and personal, share and share alike. In the absence of an award of alimony which would be required to be paid from the husband's share of the property, or an award to the plaintiff of a share of the husband's holdings, the court was without power to divide the property. The property

settlement was a property division. The parties were given only what each owned with immaterial exceptions.

The only amount of money which the defendant was required to raise was the $182.50 awarded to the plaintiff as alimony. The court could have ordered the defendant to pay this sum to the plaintiff and he, no doubt, could have readily complied.

In an ordinary partition proceeding, if the real estate could not be aparted, it would be appraised and either party could elect to take it at the appraisement. If it sold, and if the defendant bought it, he would have the privilege of paying one-third down with deferred payments as to the other two-thirds. This privilege was denied to him by the court order, and in one aspect of the order he was required to buy plaintiff's share of the real property and if he did not, to suffer his share to be sold.

As early as **DeWitt v. DeWitt, 67 Oh St 340,** the limits of the authority of the court in awarding alimony in a divorce proceeding are established. **2nd Syl.:**

"* * *, it is error for the court, having granted the wife a divorce for the aggression of the husband and awarded her alimony payable in money, to attach to the payment of such alimony a conditiion that she quit claim to the husband her interest in her own land, * * *."

In **Gucciardo v. Gucciardo, 5 Abs (App.) 597,** it is held:

"Sec. 11990 GC, later 8003-17 GC and now 3105.16 R. C. and 3105.18 R. C., does not confer upon trial court power to require wife to purchase husband's property, or to require her to convey her real estate to husband.

"Court exceeds power given it by General Code when it undertakes to dispose of property rights which husband and wife own in common in real estate."

In **Huff v. Huff (App.) 79 O. App. 514,** the first syllabus recites:

"In an action for divorce and alimony, the court is without authority to make a division of the property of the parties."

At page **518** of the opinion it is said:

"As substantially all of the real estate involved is owned by the parties jointly, a division thereof would in effect partition such real estate between them, a result to be accomplished only in a proceeding in partition."

This court, in **Nelson v. Nelson, 14 Abs 510,** held that a divorce decree may be entered without making a division of property held by the parties in their joint names.

An opinion discussing some of the questions presented in the instant case is found in **Fourman v. Fourman, (Common Pleas, Montgomery), 34 Abs 3.** The fourth syllabus holds that:

"The Common Pleas Court cannot grant partition of the real property."

The opinion also holds that the Common Pleas Court has no jurisdiction to appoint a receiver to conserve the rents and profits until the final hearing of the case.

This court, in **Miller v. Miller, 78 Oh Ap 381,** a case from Darke County, considers and discusses some of the principles involved here. In the syllabi it is said:

"Alimony begins when in a divorce decree the court orders payment to a party from the aggressor's property, money or earnings. (Paragraph two of the syllabus in **Fisher v. Fisher,** ante, 125, approved and followed.)

"Where the court grants a divorce to the wife, it has no power, in the absence of agreement between the parties, to divest the wife of any part of her title to her undivided one-half of jointly owned real estate by giving the husband the first $1,000 of the proceeds therefrom and then equally dividing the remainder."

Other errors are assigned, among which is the claim that the court erred in requiring the defendant to pay a premium on a policy wherein the children were the beneficiaries.

As we understand it, counsel have indicated a willingness to remove this provision from the order, and it may be done if insisted upon. However, although in form somewhat irregular, it accomplishes the purpose of a further provision for support for the children, which we would not hold to be prejudicial. The support required for the children was meager indeed, and might be changed if the provision for the insurance be deleted.

Coming then to the judgment in this Court. We hold that the order requiring payment of certin sums to designated creditors of the parties was improper and prejudicial. That the court properly made determination that the parties owned all of the property, real and personal, in equal proportions. That the award of alimony in the sum of $182.50 was regular, and was not prejudicial to the defendant. That the order requiring the payment of a certain sum by the defendant within forty days, and the other incidental provisions thereto, accomplished nothing more than a forced partition of the property of the parties jointly owned, and is erroneous and prejudicial. In no other particular do we find any error assigned well made. The order will be modified in accordance with this opinion, and the cause will be remanded for further order of the trial court.

Were not the court, in this type of action, restricted to its statutory authority, the order under review might be sustained upon equitable principles and because, when complied with, it would accomplish a complete adjustment of the rights of the parties. But as it is objected to on this appeal we cannot support it in its entirety. Should counsel for both parties, upon further consideration, be of the opinion that the entry as now framed would, in the light of our opinion, accomplish a more satisfactory adjustment than the modified order which we propose, we would be disposed to accede to the wishes of counsel.

If upon the one proposition of the correctness and validity of the so-called property settlement we are, in the judgment of counsel, in error in any of our factual premises, it may be brought to our attention and we will further consider this aspect of the appeal.

WISEMAN, PJ, and MILLER, J, concur.

## ON APPLICATION FOR REHEARING

No. 725. Decided February 5, 1955.

## OPINION

PER CURIAM:

Applications for rehearing have been filed by both parties to this appeal. Appellee urges that the property division ordered by the trial court is authorized by §3105.20 R. C., which Section refers to: "Injunction and equity powers" and contains this sentence:

"In any matter concerning domestic relations, the Court shall not be deemed to be deprived of its full equity powers and jurisdiction."

It is asserted that all of the authorities cited in our opinion were released prior to the above amendment to §3105.20 R. C.

We hold that the amendment does not affect the order dividing the property of the parties after it was found that they jointly owned the real estate and the personal property in equal proportions. The specific authority to award alimony and the extent thereof is found in the statutes §§3105.17, 3105.18 R. C.

Partition is not contemplated and may not be accomplished in a divorce and alimony action such as we have on this appeal.

**Rainsburg v. Rainsburg, 80 Oh Ap 303,** is cited as being in conflict with our decision. We do not so read it. The syllabus of this case reads:

"Where a divorce is granted to a husband for his wife's aggression, on his cross-petition in his wife's action for divorce, the court has jurisdiction to award alimony to the husband, out of both real and personal property, with terms and conditions of payment, although the husband's cross-petition does not pray for support money or alimony but does contain a prayer for general relief."

The whole purport of this case is that the property which was awarded to the husband was alimony and that the Court had the right to make the award. The statute (11993 GC) under which the case was decided, as pointed out in the last brief of appellant, was repealed August 28, 1951, 124 Ohio Laws 178.

On the application of appellant for rehearing we need but say that we expressly found that there was support in the record for a decree of divorce to the plaintiff and it was implicit in that finding that there was corroboration of the ground upon which the decree was granted. We also indicated fully the extent to which alimony by the entry, as we interpret it, was awarded under the decree. Both applications will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.