BOEHM, APPELLANT, *v.* BOEHM ET AL., APPELLEES;
BOEHM, APPELLANT. (TWO cases.)*

---

*Motion to certify the record overruled July 18, 1956.

▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆

(Nos. 4902 and 4903—Decided March 5, 1956.)

▆▆▆▆▆▆▆▆▆▆

*Mr. George A. Meekison,* for appellant Samuel P. Boehm.
*Mr. Brandon G. Schnorf,* for appellees.
*Mr. Otto W. Hess,* for appellant Grace E. Boehm.

FESS, J. These are appeals on questions of law from a judgment decreeing a divorce and awarding alimony and a division of property of the parties. Plaintiff duly requested the court to state in writing the conclusions of fact found separately from the conclusions of law. The conclusions made in writing do not conform to the requirements of Section 2315.22, Revised Code, but inasmuch as we have reviewed the entire record, error assigned to the conclusions as stated is not prejudicial. *Oxford Twp.* v. *Columbia,* 38 Ohio St., 87; *In re Guardianship of Zimmerman,* 78 Ohio App., 297, 70 N. E. (2d), 153. Cf. *Shunk* v. *Shunk Mfg. Co.,* 86 Ohio App., 467, 93 N. E. (2d), 321.

In its judgment, the court awarded the wife $150 per month for the support of two children, and as and for alimony to her, (1) the sum of $12,000, $6,000 payable forthwith, same to bear interest at 6 per cent per annum until paid, and secured by a lien on all the real estate wherever situate awarded to the husband, the balance of $6,000 payable at the rate of $100 per month; (2) conveyance to the wife of three parcels of Michigan real estate and another parcel of real property in Boynton Beach, Florida. In its judgment, the court also ordered that as and for alimony the husband be awarded and the wife should convey and deliver to him free and clear of all right, title and interest of the wife, eight different parcels of real estate situated in Florida, Ohio and Michigan.

Further provision was made with respect to personal property and the delivery of deeds for the real estate. The court

found further that the conveyance by the plaintiff of certain property in Michigan to his sister in 1941, prior to the marriage, but not recorded until 1951, was made to deprive the wife of her interest therein arising out of their marital relation; that the plaintiff was the sole owner thereof; and that for the purpose of settling the rights of the parties in respect to alimony and division of property, the court considered such property to be owned by the husband. The property included in this conveyance was awarded the husband, and that portion of the wife's cross-petition seeking to compel the sister to surrender said real estate was dismissed.

In dealing with property owned by the parties jointly, it is well established that in divorce and alimony proceedings the court, in awarding alimony, is controlled by statute and is not authorized to exercise, independent of the statute, its general equity powers. It has also been held that under the Code there is no express authority to divide property of the parties, no matter to what extent the court might be impelled to equalize their holdings by an award of alimony to one of the parties out of the property of the other, and that a division of property owned jointly would in effect partition such real estate between them, a result to be accomplished only in a proceeding in partition. *Huff* v. *Huff*, 79 Ohio App., 514, 74 N. E. (2d), 390. This conclusion was reached upon authority of *DeWitt* v. *DeWitt*, 67 Ohio St., 340, 66 N. E., 136; *Marleau* v. *Marleau*, 95 Ohio St., 162, 115 N. E., 1009; and *Durham* v. *Durham*, 104 Ohio St., 7, 135 N. E., 280.

In the *DeWitt case, supra,* the Circuit Court upon appeal decreed a divorce to the wife and made a cash award of alimony to the wife but subject to the condition that she quitclaim to the husband all her interest in land which was owned by the parties as tenants in common, and also in other land owned by the husband. As stated in the opinion, it was apparent that the Circuit Court proceeded upon the assumption that it possessed full equity powers, might properly take cognizance of all the property and interests in property possessed by each of the parties, and make as full and final a decree and order as though the cause was strictly one in equity. After reviewing the history of divorce proceedings in England, America and Ohio, Spear, J.,

reached the conclusion that the courts in Ohio "have not general equity jurisdiction in suits for alimony, but that the jurisdiction is such, and such only, as is given by statute." The court then turned to the statute to ascertain what it prescribed and, after noting four mandatory provisions, concluded: "While the court is granted much latitude as to the amount of alimony to be allowed, it may not disregard these mandatory provisions; and while, also, the court may make conditions respecting the time and manner of payment of the alimony allowed, it may not attach such conditions to the allowance as will nullify any of these positive requirements of the statute, or neutralize the allowance actually made.'"

In the *Marleau case, supra,* the Supreme Court merely affirmed the order of the Court of Appeals dismissing the appeal upon the ground that it was without jurisdiction to entertain the appeal from an order made in a proceeding for alimony alone. The syllabus recites:

"A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective."

The *Durham case, supra,* involved an action for alimony alone. The court awarded alimony, but refused to make a division of property. The Supreme Court, in affirming the judgment, holds in the syllabus that:

"Upon petition of the wife for alimony alone, the trial court is not authorized to make an equitable division of the husband's property, but is confined by Section 11998, General Code, to making an award as alimony for her maintenance and support during separation."

It is noted that the *Marleau* and *Durham cases* related to

---

[1]It is to be noted that the Circuit Court neutralized the cash award of $2,600 by requiring the wife to quitclaim her half interest in an eighty-acre farm and also required her to surrender notes which she held against him amounting to $1,525. There was therefore actually no award of alimony and the conditions imposed upon the wife were directly contrary to the mandatory provisions of the statutes then in effect.

actions for alimony alone, but the comment of the Supreme Court in the *Durham case* has some significance in the light of the recent amendments to the Code.

Prior to the 1953 revision of the Domestic Relations Code, when a divorce was decreed, courts awarded alimony and made a division of property between the parties without statutory authority in specific language for division of property. The Legislature, as well as the courts, recognized the distinction between what the court was empowered to do in an action for divorce, and its limited power in an action for alimony alone to be awarded upon a mere separation. In an action brought by the wife for alimony alone, the authority of the court was much more limited than when dealing with alimony, so-called, where a divorce was granted *(Durham* v. *Durham, supra,* at page 11), and the court was not authorized to make an equitable division of the husband's property but was confined to making an award as alimony for her maintenance and support. *Durham* v. *Durham, supra.* In divorce, it was recognized that the trial court had a wide latitude of discretion in the allowance of what the statute termed alimony. The court was permitted, upon finding who was the aggressor, to award the one aggrieved either a share of the other's property, based not only upon the requirements of support and maintenance, but also with due regard to property which came to the husband by marriage and the value of his real and personal estate at the time of the divorce. The award, whether denominated alimony or share of the property, was made only in divorce, primarily because the statutes relating to divorce contemplate a final termination of the marital relation and a final dissolution of the marriage contract. Cf. *Durham* v. *Durham, supra.* See, also, *Slapp* v. *Slapp* (1944), 143 Ohio St., 105, 54 N. E. (2d), 153. Of course, alimony could not be awarded or a division of property be made contrary to the mandatory provisions of the statutes. *DeWitt* v. *DeWitt, supra.*

In *Mark* v. *Mark* (1945), 145 Ohio St., 301, 61 N. E. (2d), 595, 160 A. L. R., 608, the court reiterated that a statutory divorce and alimony case is not one in chancery.

In *In re Cattell* (1945), 146 Ohio St., 112, 64 N. E. (2d), 416, 164 A. L. R., 312, the court rejected the contention that the only

injunction which a court could issue in divorce and alimony was under Section 11996, General Code, to prevent a party from disposing of his property to defeat alimony and said:

"When the General Assembly conferred exclusive jurisdiction in divorce and alimony upon the Common Pleas Court (51 Ohio Laws, 377), the jurisdiction of the court was *enlarged* and not limited.

"It is settled in this state that the only grounds upon which the Common Pleas Court may grant either divorce or alimony are to be found in the statutes. There may be no implied ground nor is there any equitable authority to be exercised in the *granting* of such divorce or alimony; but when the General Assembly augmented the powers of the Common Pleas Court it did so in the face of the settled rule of law that a grant of jurisdiction implies the necessary and usual incidental powers essential to effectuate it. (*Marleau* v. *Marleau,* 95 Ohio St., 162, 115 N. E., 1009)."

In *Slapp* v. *Slapp* (1944), *supra,* the Supreme Court held that if the evidence warrants the granting of a divorce and alimony, the court has jurisdiction to determine the property rights of the parties and make a division of their property.

The court said (page 111):

"To apply to the statute the construction claimed by the defendant and to hold that the plaintiff is relegated to a decree of alimony for support and maintenance alone, thus depriving her of an equitable division of their property, while the defendant enjoys, on his own procurement, the status of a marriage dissolution, would be to make the statute (Sections 11990 and 11998, General Code) an instrument of fraud and injustice instead of one of justice and equity as was intended by its enactment."

Thus, the court recognized the statutory authority to make an equitable division of property in addition to making an award for support and maintenance.[2]

---

[2] It is of some interest to note that in the *Slapp case* the husband had secured a Nevada divorce which the Common Pleas Court declared void and decreed that all the properties of the parties should be equally divided between them. The Court of Appeals, applying the doctrine of *Williams* v. *North Carolina,* 317 U. S., 287, reversed that part of the judgment awarding

On the contrary, in *Stuart* v. *Stuart* (1944), 144 Ohio St., 289, 58 N. E. (2d), 656, the court held that as a divorce was not granted, there could be no division of property and a judgment which operated with respect to barring the wife's dower was unauthorized, citing the *Durham case.*

In *Miller* v. *Miller* (1951), 154 Ohio St., 530, 97 N. E. (2d), 213, the court again held that in an action for divorce, the Common Pleas Court does not possess general equity powers but can exercise only such power as the statutes expressly give and such as is necessary to make its orders and decrees effective. That case arose from an order overruling the husband's application for modification of an award for child support after the children had attained majority. The court held that in a divorce action, where a child of the parties attains his majority, jurisdiction over such child comes to an end, and the court is without power to provide for the support of or aid to such child or to continue a provision for his support. Thus, the case did not involve the authority of the court to award alimony. Cf. *Thiessen* v. *Moore* (1922), 105 Ohio St., 401, 137 N. E., 906.

In *Jelm* v. *Jelm* (1951), 155 Ohio St., 226, 98 N. E. (2d), 401, 22 A. L. R. (2d), 1300, the court said divorce is purely a matter of statute, but Section 11631, General Code, and related statutes are applicable in an action for divorce, and permit the Common Pleas Court to vacate its own judgment of divorce for fraud.

. In *Zatko* v. *Zatko* (1953), 100 Ohio App., 223, this court held that a division of property could not be had in an action for alimony alone, under Section 8003-19, General Code (Section 3105.18, Revised Code).

A review of the foregoing decisions leads to the conclusion that prior to the 1953 Domestic Relations Code:

1. The general equity jurisdiction of the Common Pleas Court was recognized. *In re Cattell, supra.*

2. The Common Pleas Court in divorce and alimony was

---

a divorce to the plaintiff, but affirmed that part of the judgment which awarded an equal division of property. The Supreme Court proceeded on the assumption that the Nevada decree was valid and severed the marital relationship, but affirmed the judgment of the Court of Appeals upon the theory that Section 11990, General Code, did not specifically provide that *only* when a divorce is granted can alimony be awarded.

governed entirely by statute and could not exercise its general equity jurisdiction contrary to the express provisions of the statute, particularly those of a mandatory nature.

3. Since divorce was a final dissolution of the marriage contract, as a necessary concomitant to its termination, after the award of alimony, the respective property rights were also settled by a so-called division of property, as an incident to or in addition to alimony.

4. When a divorce was granted, an equitable division of property could be awarded (*Slapp* v. *Slapp, supra*), whether denominated alimony or a share of the property (*Durham* v. *Durham, supra*).

5. Aside from that portion of the husband's property awarded to the wife for maintenance and support, it was unnecessary to make provision in a decree with respect to the separate property owned by each. By force of the judgment for divorce, each party was and is now barred of all right of dower in Ohio real estate of which the other was seized during coverture. Section 3105.10, Revised Code.[3]

The problem presented in the instant cause is whether, upon the granting of a divorce to the wife, she may be ordered to convey any interest in real estate jointly owned to the husband. Although the wife is not complaining about this provision of the decree, the question arises for determination as a basis for the validity of the entire judgment. Cf. *Flatter* v. *Flatter*, 71 Ohio Law Abs., 89, 130 N. E. (2d), 145. Under the principle announced in the *Huff case, supra,* the provisions of the decree would, in effect, amount to a partition of the property.

Since the decision of this court in the *Huff case* and those above referred to, by the Supreme Court, the statutes with respect to divorce and alimony have been materially revised and combined. Section 3105.01, Revised Code, enumerating the grounds of divorce, makes no reference to alimony. Section 3105.10, Revised Code, provides that upon the granting of a divorce, by force of such judgment each party shall be barred of all right of dower in real estate situate in Ohio of which the

---

[3]Former Section 11999, General Code, which became inoperative as a result of the enactment of the "Married Women's Property Act" (*Huff* v. *Huff, supra*), has been repealed. 124 Ohio Laws, 202.

other was seized at any time during coverture. Section 3105.14, Revised Code, provides that the court *may* grant alimony to either party for sustenance and expenses *pendente lite* in an action for divorce or one for alimony alone. Section 3105.17, Revised Code, provides that either party may file a petition for divorce or alimony or cross-petition therefor, and that the court *may* grant alimony upon certain enumerated grounds. Section 3105.18, Revised Code, merely provides that the Court of Common Pleas "*may* allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree. Such alimony *may* be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable." Section 3105.20, Revised Code, provides for specified injunctive relief, and concludes: "In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction."

It is to be observed that the mandatory provisions of the statute in effect at the time of the decision in the *DeWitt case* no longer appear. Under Section 3105.18, Revised Code, broad discretion is conferred upon the court to award alimony to either party,[5] limited only by the "due regard" clause, and the rationale underlying the decision in the *DeWitt case* no longer exists. The court may now allow alimony as it deems reasonable, without the restrictions formerly imposed by the Revised Statutes and General Code. Although the last sentence of Section 3105.20, Revised Code, does not, in specific terms, confer equitable jurisdiction in divorce and alimony, since it appears

---

[4] The sponsors of the enactment of this sentence indicated in their report to the Legislative Service Commission that it was recommended in the interest of overruling *Miller* v. *Miller, supra*. But as indicated above, *Miller* v. *Miller* did not necessarily deny the exercise of equitable jurisdiction.

[5] In construing Sections 11990 and 11991, General Code, in *Henry* v. *Henry*, 157 Ohio St., 319. 323, the court said: "A decision by the Common Pleas Court on such a problem requires a full consideration of all the facts and circumstances of the particular case and the exercise of a very considerable amount of discretion. See 17 American Jurisprudence, 467, Section 596."

in the chapter on Divorce and Alimony, it may well be construed as intending to empower the court to apply equitable principles in making an award of alimony.

A majority of the court, therefore, conclude that a court having granted a divorce may apply equitable principles in making an award of alimony and that with respect to property owned by the parties jointly or in common make an equitable division thereof between them. In reaching this conclusion, we are in disagreement with the decision of the Court of Appeals in *Flatter* v. *Flatter, supra.* A majority believes that this conclusion comports with the doctrine that once a court acquires jurisdiction of the parties and the subject matter, it should make final determination of all the issues, in the interest of a final adjudication of the rights of the parties. This is particularly desirable in actions wherein equitable principles are to be applied. If the effect of such final adjudication in divorce be equivalent to a partition of the property of the litigants, no real prejudice results. After undergoing the travail and bitterness arising in a divorce action, sound reason and logic would dictate that the embattled litigants should not be relegated to further litigation, such as actions to partition their property.

Other errors assigned are found not well taken or nonprejudicial.

A majority of the court determines also that the judgment should be modified in the following respects:

1. The phrase, ''secured by a lien which is hereby declared upon all the real estate wherever situate awarded herein to the husband and particularly upon,'' should read, ''secured by a lien upon the following described real estate.''

2. Reference in the judgment to ''as and for alimony, the husband is awarded'' etc., should be stricken since there is no basis for an award of alimony to the husband.

The judgment is modified and as modified is affirmed, and the cause is remanded at plaintiff's costs, including cost of the bill of exceptions, to the Common Pleas Court for execution for costs and further proceedings, if any be necessary.

*Judgment accordingly.*

DEEDS, J., concurs.

CONN, J., concurring in part and dissenting in part. I con-cur in the judgment of the trial court in awarding defendant a divorce and alimony on her cross-petition. The long record of 654 pages includes considerable irrelevant matter and immaterial evidence relating to commonplace matters that obtain generally in the relationship of husband and wife. If the trial court had awarded a divorce to the plaintiff, such finding and judgment could not have been disturbed by this court, particularly in view of defendant's loss of interest in her husband and her firm resolve to abandon the home in Michigan and take up her residence in Florida, and her refusal longer to live with plaintiff anywhere.

I respectfully dissent from the majority opinion on two grounds:

1. On the failure of the trial court to make separate findings of fact and law, particularly in not setting out what acts of gross neglect and extreme cruelty the plaintiff had committed, and also what acts of plaintiff were committed in support of the finding that plaintiff had falsely accused defendant of immorality.

2. On the error of the trial court in partitioning the property of the parties, held as tenants in common, as a part of its judgment awarding alimony to defendant.

1. On the issue of separate findings requested by plaintiff, we call attention to the provisions of the statute, Section 2315. 22, Revised Code:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties requests otherwise, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

This section of the Code has been before the courts on numerous occasions, as appears by the reported cases, some of which we shall consider briefly.

In the case of *Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149, 135 N. E., 531, it was held that the provisions of Section 11470, General Code (now Section 2315.22, Revised Code), confer a substantial right and are mandatory. It is inferable from

the court's opinion that a complete bill of exceptions had been filed in the trial court. Special interrogatories had been submitted in the trial court, and it was held that it was the duty of the court, as a part of its judgment, to answer all interrogatories involving ultimate facts and "'* * * to make answer to all interrogatories involving the ultimate facts of the controversy, and to all involving probative facts from which the ultimate facts can be inferred as a matter of law, and its failure to do so is reversible error.''

In the later case of *Bauer* v. *Cleveland Ry. Co.,* 141 Ohio St., 197, 47 N. E. (2d), 225, the case of *Cleveland Produce Co.* v. *Dennert, supra,* was cited with approval, and also the earlier case of *Oxford Twp.* v. *Columbia,* 38 Ohio St., 87. While holding that the statute was not applicable, on the record in the *Bauer case,* the court *in its opinion* reaffirmed the doctrine of the earlier cases, by pointing out that the statute confers a substantial right, is mandatory in character, and that failure to comply with its provisions, when request is made, is reversible error, unless the party making such request was not prejudiced by such refusal.

The language of the exception is similar to that found in the opinion of the Court in *Oxford Twp.* v. *Columbia, supra,* but in neither of those two cases was the proviso carried into the syllabus.

Under the Rules of Practice of the Supreme Court (Rule VI, 94 Ohio St., *ix*) "A syllabus of the points decided by the court, in each cause, * * * shall be confined to the points of law arising from the facts of the cause that have been determined by the court.''

We do not find that the Supreme Court, in any reported case, has modified or overruled the rule of law as stated in the syllabus of *Cleveland Produce Co.* v. *Dennert, supra,* in construing such statute, wherein it was held that the provisions of the statute confer a substantial right and are mandatory, and that the failure of the court to comply with the statute is reversible error.

However, in *In re Guardianship of Zimmerman,* 78 Ohio App., 297, 70 N. E. (2d), 153, this court held that while the provisions of the statute in conferring a substantial right are man-

datory (citing the *Oxford Twp., Bauer* and *Cleveland Produce cases, supra*), if a complete bill of exceptions containing all the evidence has been filed and approved, and one of the errors assigned is that the judgment is against the weight of the evidence, the failure of the trial court to comply with the request to make separate findings of ultimate fact is not prejudicial error.

The *Zimmerman case, supra,* was cited by this court in *Shunk* v. *Shunk Mfg. Co.,* 86 Ohio App., 467, 473, 93 N. E. (2d), 321 (judges sitting by designation), and in *In re Estate of Harmon,* 87 Ohio App., 451, 457, 96 N. E. (2d), 34, to which we call attention. In the *Estate of Harmon case,* this court held, as appears by the third paragraph of the syllabus:

"Where upon timely request a court fails to make findings and the record on appeal contains a complete transcript of the evidence, the reviewing court may but is not required to review the record to pass upon errors assigned and may reverse the judgment for the failure to make findings and remand the cause for the making of such findings without passing upon the other errors assigned."

Inferentially, the *Shunk* and *Estate of Harmon cases* appear to modify the holding in the *Zimmerman case,* and on the same reasoning as is found in the opinion in *Cleveland Produce Co.* v. *Dennert, supra.* We quote from the opinion of the court, Marshall, C. J., page 155:

"We are of the opinion, however, that Section 11470, General Code, does confer a substantial right and that a denial of that right constitutes such error as should cause this court to reverse the judgment, unless it can be determined by this court without weighing the evidence that plaintiff in error has not been prejudiced. Any other view of this section would render its provisions a dead letter."

See, also, *Manchester* v. *Cleveland Trust Co.,* 95 Ohio App., 201, 213, 114 N. E. (2d), 242; *Zatko* v. *Zatko,* 100 Ohio App., 223.

In the instant case, the trial court failed to comply with the statute, in that the court failed to make separate findings of ultimate fact and separate findings of law.

The provisions of Section 2315.22, Revised Code, are in mandatory language, which the reported cases recognize. I am

of the opinion that this court can not say, as a matter of law, that plaintiff has not been prejudiced by the trial court's non-compliance with the statute.

2. With respect to the plaintiff's assignment of error that the trial court erred in awarding an excessive amount as alimony to defendant and an excessive amount for the support of the minor children, there appears to be a prior issue presented on the record which requires consideration, and which arises by reason of the character of the judgment awarding alimony, which by its terms, partitioned the several parcels of real property owned by the parties as tenants in common.

As pointed out in the majority opinion, this court held in *Huff* v. *Huff* (1946), 79 Ohio App., 514, where the wife had been granted a divorce and awarded alimony on her cross-petition, that the trial court was without authority to make a division of the real property owned by the parties as tenants in common, which judgment of the court could be accomplished only in a partition proceeding in equity. A motion and cross-motion to certify this case was overruled by the Supreme Court.

In the decade following the decision in the *Huff case,* the rule of law announced therein has not been disaffirmed by any appellate court of this state, or by the Supreme Court, so far as we can find.

Furthermore, earlier cases in the Supreme Court have affirmed the same rule which this court announced in the *Huff case,* and later cases in the appellate courts have not disaffirmed the doctrine announced therein.

I do not understand how this court can properly bypass the *Huff case,* which has stood the acid test of time without being overruled or disaffirmed.

In the instant case, the judgment entry recites: "* * * coming now to the allowance of alimony and division of property to the plaintiff husband and to defendant wife, it is hereby ordered * * *."

Included in the judgment awarding alimony to the wife, the trial court ordered mutual conveyances by the parties of property held as tenants in common, and also directed defendant to convey to plaintiff certain properties, to which he held the legal title at the time of the marriage of the parties.

We shall review briefly a few cases which have considered the issue now before us, in addition to the *Huff case.*

In *Owens* v. *Owens* (1948), 85 Ohio App., 414, 88 N. E. (2d), 922, it was held that where an award of alimony is made to the wife, who obtained a divorce for the husband's aggression, the court did not have the statutory power to order the wife to convey title to real estate held by her as tenant in common, as such order "constitutes an exercise of the equitable jurisdiction of a court of chancery."

See, also, *Fisher* v. *Fisher*, 78 Ohio App., 125, 64 N. E. (2d), 328; "Legal Aspects of a Divorce Case," by Judge Frank J. Merrick, 41 Ohio Opinions, 322, 328.

Since the decision in the *Huff case,* the Legislature has repealed and amended a number of sections of the General Code pertaining to domestic relations, including former Section 11996, General Code. This section authorized the issuance of an injunction in certain cases, and was re-enacted as Section 8003-21, General Code, and later became Section 3105.20, Revised Code. The Legislature made some minor changes in the language of the former section, and added the following:

"In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction."

This amendment to the statute was considered in *Dougherty* v. *Dougherty* (1954), 97 Ohio App., 232, 125 N. E. (2d), 15, where an appeal was taken on questions of law and fact from a judgment for divorce and alimony. The appellant contended that the amendment to the statute (Section 3105.20, Revised Code) changed the appellate jurisdiction in divorce and alimony cases. This claim was not sustained.

Judge Hunsicker, in a well-reasoned opinion, said:

"There was no occasion for the trial court, except as to the injunction, to exercise any equity powers. Divorce and alimony are creatures of statute, and they exist in this state only by reason of legislative enactment. They do not usually call upon the courts to exercise general equity powers. They are not chancery proceedings. *Marleau* v. *Marleau*, 95 Ohio St., 162, 115 N. E., 1009; *Durham* v. *Durham*, 104 Ohio St., 7, 135 N. E., 280."

We call attention to *Flatter* v. *Flatter* (1954), 71 Ohio Law

Abs., 89, 130 N. E. (2d), 145, where the court held that in an action for divorce and alimony the court is without authority to make division of property. On an application for rehearing, the court considered the claim that the authorities relied on in the original opinion were released prior to the amendment to the statute, and said:

"We hold that the amendment does not affect the order dividing the property of the parties after it was found that they jointly owned the real estate and the personal property in equal proportions. The specific authority to award alimony and the extent thereof is found in the statutes. Sections 3105.17, 3105. 18, Revised Code.

"Partition is not contemplated and may not be accomplished in a divorce and alimony action such as we have on this appeal."

It is pertinent to note, as pointed out in the majority opinion, that upon granting a divorce, each party is barred by statute of all right of dower in real property of the other. See Sections 3105.10 and 2103.02, Revised Code.

I am of the opinion that even justice between the parties requires a reversal of so much of the judgment of the trial court as relates to the award of alimony not in conformity with the provisions of Section 3105.18, Revised Code, and also that there was prejudicial error in not entering separate findings of ultimate facts and law as requested by plaintiff.