**MICHAEL, Plaintiff-Appellant, v. MICHAEL, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 734.   Decided November 26, 1955.

Spidel, Staley & Hole, Greenville, for plaintiff-appellant.
Howard G. Eley, Greenville, for defendant-appellee.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from the amount of the award of alimony to the plaintiff, in that it is inadequate, and further, the court erred in holding that it did not have jurisdiction to settle the property rights of the parties.

Defendant, in his brief, argues at considerable length that the divorce decree should not have been granted and that the evidence did not support the charges upon which it was based. Inasmuch as the decree was awarded to the plaintiff and the defendant has filed neither an appeal nor cross-appeal, we may not test the validity of the decree.

In the judgment entry the court finds the value of the real estate jointly owned by the parties to be approximately $12,500.00. That there is due $500.00, the purchase price of the lot which the parties sold and which was adjacent to the residence. The court further found that there was a first mortgage on the real estate in the sum of $5,000.00; that the parties owned an automobile and truck, each of the value of $300.00, titles to which are in the name of the defendant; household goods of the value of $1,200.00, including a new refrigerator upon which there is a substantial balance due, and that the tools and inventory of defendant amount to about $400.00. The court awarded as alimony to the plaintiff the household goods, the passenger automobile and the sum of $1,500.00 and $15.00 per week for the support of the minor child of the parties.

The proof of the earnings of defendant, who is in the electrical and

plumbing business, is somewhat uncertain. His profession would indicate that he has substantial earning capacity. It further appears that he was regularly employed at $2.00 per hour and that he sold certain electrical appliances and plumbing fixtures. These articles were sold on order and on commission which according to his testimony varied from 10% to 20%. The plaintiff says that defendant earned at least $100.00 per week. He says that it was about $50.00 per week. It does not appear that the defendant realized any considerable profit on materials sold to his customers. It is difficult to determine how much of his income was thus received. His expenses were not heavy. He had one man employed to assist him, to whom he paid $1.50 per hour. It would appear that defendant would easily and regularly receive at least $75.00 net per week from all sources.

Some suggestion is made in the respective briefs that each party is physically unable to carry on and earn substantial sums of money. However, we do not find from the record that either party is in poor health or unable to work and earn. The plaintiff has been a bookkeeper and in probability could secure employment. It is obvious that this she will soon have to do unless she receives some financial assistance over and beyond that which she is now receiving or which was awarded to her as permanent alimony. If she retains and invests the $1500.00, the return on this amount of money would be negligible. The only practical use that she could make of it would be to spend it as carefully as possible until such a time as she could be gainfully employed. The difficulty with plaintiff accepting employment is that she has two daughters, the older by a former marriage, age 15, at the time of the trial, toward whom the defendant owes no obligation of support, and the younger, daughter of the parties, age 5. The older girl is in school and it is evident that if the mother accepts employment she must have someone to take care of the younger daughter. In this situation, $15.00 per week without more would be inadequate to support, maintain, and clothe the child and to provide someone to look after her while her mother was at work. If the matter of the care of the child could be assured, plaintiff probably could maintain her on the $15.00 allowed, and as we understand the appeal. does not question this allowance.

The court allowed the sum of $1500.00 to the plaintiff as alimony. The total equity in the real estate jointly owned, and what is due on the lot which was sold, is about $7500.00, $3750.00 representing the equity of each of the parties. If the costs of the suit, attorneys' fees, and other expenses aggregate $500.00, the defendant is obligated to pay $2000.00 which, if taken from his equity in the real estate, would leave his total value therein at $1750.00. The tools and the truck are essential to the operation of his business and of little or no value to any person other than himself. We cannot say that the permanent alimony awarded in lump sum is inadequate except as it relates to future support for the plaintiff.

We may not lose sight of the fact that a divorce does not release the aggressor, if a husband, from the obligation of support for his former wife. **Fickel v. Granger, 83 Oh St 101; Lape v. Lape, 99 Oh St 145;**

**Klump v. Klump, 96 Oh Ap 93.** Any other interpretation of the law would relieve a husband, no matter how grevious his conduct toward a faithful wife, from any obligation to support her after she had been decreed a divorce. Of course, there are many facts and circumstances to take into consideration. Where, as here, the wife is comparatively young, has a profession or occupation which will enable her to earn and support herself, the problem presented to the judge who has to fix support money is how far in the future should provision be made for her support? That alimony in the form of support money may be ordered paid out of future earnings is well recognized in Ohio since the case of Lape v. Lape, supra. To like effect, **Washington v. Washington, 61 Abs 52,** this Court.

We are of the opinion that the court should make some additional award to the plaintiff for her support. It need not be in a large amount, nor continue beyond a reasonable period. Support money orders can always be made to continue until the further order of the court, and are subject to modification. The court could either fix a definite time limiting the duration of the order for support money that a certain sum be paid, at certain times, until the further order of the court, or could award, instead of a lump sum of $1500.00 alimony and support. a share in the real estate as alimony and support in any amount up to the one-half which is owned by the defendant. In this connection, some thought should be given to the living accommodations of the plaintiff and the child of the parties.

The judgment entry, insofar as germane to the second assignment, recites:

"The court not having jurisdiction * * * to adjudicate property rights of the parties, the court dismisses the claim of the plaintiff for adjudication of property rights * * *."

The court, in effect, made division of the personal property. He awarded all of the furniture and the Chrysler automobile, the title to which was in the defendant, to the plaintiff. All of the remaining personal property was left in the possession of, and in effect, awarded to the defendant. This left no personal property undisposed of by the decree. The order of the court then, which is properly challenged on this review, is the holding that the court had no jurisdiction to divide the real estate upon the general prayer of both parties for adjudication of property rights.

Appellant apparently is of the opinion that the holding of the court was in accord with and by reason of the opinion of this Court in **Flatter v. Flatter, 71 Abs 89.**

The opinion in the Flatter case was not in its entirety carried into the judgment and it must be restricted to the facts developed in that case, wherein the defendant (the husband), the aggressor. was the only appellant. In discussing the so-called property settlement, as against the claim of defendant that it was excessive, we pointed out that after the payments of the debts which had been fixed by the trial judge, the value of the holdings, real and personal, of the parties was $18,828.50. The total amount of alimony awarded to the plaintiff, the aggrieved

party, was $182.85, which could have been paid from the defendant's share of money of the parties in the hands of the Clerk of Courts. In this situation, defendant was ordered within forty days to pay to plaintiff the sum of $8,182.25, in default of which that the land, owned in equal parts by the parties, be sold and that upon payment to plaintiff the sum of $8,182.25, she "shall execute a deed for her interest in the land and release by necessary conveyances all her right, title and interest in and to any of the chattel property heretofore referred to." It was in this connection that we held that the division of property was improper and that "it accomplishes a partition of the property, a remedy not permissible in divorce cases." We are fully in accord with that statement and refer to the cases cited in the Flatter v. Flatter opinion, supra, and particularly to the opinion of Judge Stuart in **Huff v. Huff, 79 Oh Ap 514,** and the first syllabus in this case.

Whether or not an action for partition may be joined with an action for divorce, we do not decide, as there is no proper pleading on behalf of either party asserting a cause of action for partition  The general prayer in the pleadings of both parties for a division of property grants the court no jurisdiction to partition the real estate.

We do not hold that the court in a divorce case, where both parties are within the jurisdiction of the court, may not determine the ownership of any real estate or personal property involved, or fix the ownership of any personal property, whether in the plaintiff, the defendant, or both, and the debts of the parties and to what extent each is liable. But this determination cannot be made to bind a creditor who is not a party to the suit and a divorce trial is not the forum to litigate disputed claims of such creditors.

The statute §3105.20 R. C., in connection with §3105.18 R. C., in view of the repeal of §11992 and §11993 GC, will bear study when the facts presented require its judicial construction. When such a case is presented, the strong brief of appellant on the subject will be helpful. But we find nothing in this appeal which may not be or has not been disposed of under the terms of specific statutes and thus it does not call for the application of any further equitable principle. The trial judge no doubt was cognizant that under the statute, §3105.18 R. C., the alimony award could have been made to the plaintiff from the one-half interest of the defendant therein. This he did not choose to do.

We do not find the second assignment of error well made.

The first assignment of error having been established, the judgment will be reversed and the cause remanded for further proceedings according to law.

MILLER, PJ, CONN, J, concur.