**HUGHES, Estate of; In Re ROSS, Appellant, v. MARSHALL, Admr., Appellee.**

Ohio Appeals, First District, Butler County.

No. 949.   Decided November 30, 1948.

George S. Hawke, Cincinnati, for appellant.
Mark T. Brown, Hamilton, for appellee.

**OPINION**

By HILDEBRANT, J.:

The Probate Court dismissed an application under favor of §10504-35 et seq GC, to admit to probate the purported last will of Mary M. Hughes, deceased. The will was alleged to have been lost before the death of the testatrix, without knowledge of such loss on her part. Therefore, under §10504-35 GC, it was incumbent upon the appellant to prove that there was a will, duly executed, and unrevoked at the death of the

testatrix, and, in addition, to prove by clear and convincing testimony lack of knowledge on the part of the testatrix as to the loss.

The hearing was conducted ex parte with the testimony of the proponents, who were also under cross-examination, reduced to writing, and forming the record before the Court.

In its journal entry the court found that the proponent "has failed to supply the necessary clear and convincing evidence to warrant the Court to admit the same to probate. The Court therefore finds that said application to Probate should be denied." The application was dismissed at cost of applicant.

The transcript indicates that the proponent requested the Court to state in writing its conclusions of fact found separately from the conclusions of law. This was not done prior to 'the final entry appealed from although written findings were filed nunc pro tunc in the Court of Appeals. This filing the Court considers too late and a nullity.

The failure of the court to make the requested finding in time is assigned as error here.

**Sec. 11421-2 GC**, occurs in Title IV of the Code of Procedure in the Common Pleas Court, under three divisions, to-wit: General Provisions, Civil Actions, and Trial. Its application is therefore limited to the Common Pleas Court unless otherwise provided by law, or in this instance the Probate Code. The Probate Code, by **§10501-22 GC**, provides in part:

"* * * The provisions of law governing civil proceedings in the court of common pleas, so far as applicablle, shall govern **like proceedings** in the probate court when there is no provision on the subject in this act."

The probate of any and all wills is exclusively the function of the Probate Court, its procedure being ex parte in character, not adversary, and there are no like proceedings in the Common Pleas Court.

We, therefore conclude that **§11421-2 GC**, has no application to the Probate proceeding here under review. It follows that since no right to a finding exists, error may not be predicated upon a failure or refusal to grant the request. It was held in **L. & N. Rd. Co. v. City of Cincinnati, 9 O. L. R. 105:**

"Inasmuch as the provision of §11470 GC, with reference to findings when the court tries the case, is limited to the court of common pleas, a separate finding of facts and law

can not be asked as a matter of right in connection with a preliminary hearing in a condemnation proceeding in the ·Court of Insolvency."

This Court has carefully examined all the testimony contained in the record and is in accord with the finding and judgment of the Probate Court which is, therefore, affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in .syllabus, opinion & judgment.