CHADER, Plaintiff-Appellee, v. KNECHT et. d. b. a. PETER PAUL MECHANICAL SERVICE, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23628.   Decided February 15, 1956.

Paul P. Sogg, for plaintiff-appellee.
Woodle & Wachtel, for defendants-appellants.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

Per CURIAM:

In an amended petition filed in the Municipal Court of Cleveland, the plaintiff alleged that (1) the defendant gave him a check for the payment of an automobile, and (2) that "after defendants obtained possession of said automobile, said defendants maliciously and without

probable cause and with the intent to defraud \* \* \* plaintiff, stopped payment on said check, and that stopping payment on said check was maliciously done." Wherefore, plaintiff prayed for judgment against the defendants "in the sum of two thousand five hundred dollars ($2,500) five hundred dollars ($500) for the check on which defendants stopped payment, and two thousand dollars ($2,000) as and for punitive damages, and costs of suit." A copy of the check for $500 was attached to the pleading and made a part thereof.

Issues were joined, and the case came on for trial before a judge of the court, a jury having been waived. Upon completion of the trial, judgment was rendered for the plaintiff and against the defendant in the amount of "$500 and costs," and, in addition thereto, the court, upon request, stated in writing "the conclusions of fact found separately from the conclusions of law." Sec. 2315.22 R. C.

The conclusions are as follows:

"As findings of fact the court finds: That the plaintiff purchased a certain Buick automobile on August 26, 1948. That on August 28, 1948, said plaintiff met the defendants and a discussion was had as to the sale of said automobile. That on August 28, 1948, the plaintiff stated to the defendants that he had owned the automobile two days and had purchased it from an estate. That said automobile had been in storage up to that date. That on August 28, 1948, the plaintiff and the defendants drove said automobile and while they were driving, the said automobile overheated. That the plaintiff asked six hundred dollars ($600) for his automobile. That the defendants stated that the automobile needed many repairs and they would pay five hundred dollars ($500). That the defendants thereupon gave the plaintiff a check in the sum of five hundred dollars ($500) and the plaintiff endorsed the certificate of title. That the defendants took possession of said automobile. That thereafter the defendants claimed there was something mechanically wrong with the automobile and stopped payment on the check which they gave to the plaintiff. That the plaintiff was not an automobile dealer and gave no specific warranty for said automobile.

"And as conclusions of law in this case based on the foregoing findings of fact the court finds: That on August 28, 1948, the plaintiff was the owner of a certain automobile, that he was not a dealer, that he gave no warranty for said automobile. That the defendants purchased said automobile after examining it and driving it. That after the conclusion of the sale the defendants stopped payment on the check and therefore the plaintiff is entitled to a judgment in the sum of five hundred dollars ($500) against the defendants."

Appeal was taken from the Municipal Court judgment to the Court of Common Pleas. The judgment was there affirmed. We encounter the case on appeal from the judgment of that court.

The appellant poses the following:

"When the plaintiff presents and proceeds to trial upon a cause of action in tort, he cannot be permitted to recover in contract, and the reverse of this proposition is equally true, namely, if the plaintiff presents and proceeds to trial upon an action in contract, he assuredly cannot recover damages for a tort."

In answer to this statement of the appellant, we adopt the language

of Matthews, J., in **Armstrong v. Feldhaus, Sr., 87 Oh Ap 75**, at p. 79. It is:

"The plaintiff made no attempt in his petition to classify his cause of action, and the law did not require him to do so. Even if he had done so and made a mistake, he would not have been bound thereby. In **31 O. Jur. (Pleading)**, pg. 573, * * * Sec. 37, it is said:

" 'Undoubtedly a pleading should proceed upon some definite theory, but generally speaking the theory is not required to be stated in the pleading except as it is disclosed by the facts themselves. Moreover, under the Code, although the pleader may be mistaken in his theory, —in what he conceives the nature of his cause of action to be,—he nevertheless is entitled to relief if the facts alleged show him to be entitled to relief of a different nature than that which he asked for.'

"The important thing is the allegations of fact. The litigant is entitled to the relief which the facts justify, regardless of his theory of the case."

We find the evidence, which is contained in the bill of exceptions, sufficient to sustain the judgment, which was undoubtedly predicated upon the theory of breach of contract. We find no error prejudicial to the rights of the appellant in this respect.

It is further claimed that the court failed to properly "state in writing the conclusions of fact found separately from the conclusions of law," as seasonably requested by the appellant.

Sec. 2315.22 R. C., provides:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties requests otherwise, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Of this section, the Supreme Court stated, in **Bauer v. Cleveland Ry. Co., 141 Oh St 197**, at page 201, the following:

"This statute confers a substantial right, is mandatory in character, and a refusal of the court in a proper case to comply with the request provided for therein is reversible error **unless it appears from the record that the party making the request is not prejudiced by such refusal. Oxford Co. v. Columbia, 38 Oh St 87; Cleveland Produce Co. v. Dennert, 104 Oh St 149**, 135 N. E., 531." (Emphasis ours.)

Inasmuch as we have before us a complete bill of exceptions, which shows that the judgment is amply supported by the evidence, it does not appear that "the party making the request" is prejudiced by the failure, if it may be said to be a failure, of the court to find on material issues in the above case and to properly pronounce its conclusions of law.

It is our conclusion, therefore, on this claim of error, that, if it may be said that the trial court did not make complete findings of fact and law, such failure did not prejudice the appellant in this case, and was not error of a prejudicial character.

We have considered all of the errors claimed, and we find none prejudicial to the rights of the appellant.

The judgment will be affirmed.

STEVENS, PJ, HUNSICKER and DOYLE, JJ, concur.