**NOSIK, Plaintiff-Appellee, v. SCOTT, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23515. Decided February 24, 1956.

Robert A. Williams, for plaintiff-appellee.
B. Bill Murad, for defendant-appellant.

(STEVENS, PJ, HUNSICKER, and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By STEVENS, PJ.

The action of plaintiff sought the recovery of $305 from defendant, as the balance alleged to be due on an account for professional services rendered defendant by plaintiff.

Defendant, for answer, denied that the charges were reasonable, and asserted that the plaintiff had been paid in full.

He further pleaded an agreement, wherein he claimed the agreed total charge would be $200, which had been paid. Defendant then cross-petitioned, seeking the recovery of $100, which he claimed he had paid above the agreed amount of $200, by reason of threats of plaintiff's collection agents.

Trial to the court resulted in a judgment for plaintiff for $378.40 and costs, from which judgment an appeal on law and fact was prosecuted by defendant.

This court sua sponte orders the dismissal of the appeal on questions of law and fact, and retains the appeal as one on questions of law.

The cause has been presented as a law appeal, and the following assignments of error are presented:

1. Error in the admission of evidence offered by plaintiff and objected to by defendant.

2. Error in refusing to admit evidence offered by defendant.

3. The finding and judgment are contrary to the manifest weight of the evidence and contrary to law.

4. Other errors appearing on the face of the record.

By a timely application, the defendant requested the trial court to make "finding of facts and conclusions of law," which application the court overruled.

While not included as an assignment of error in the written assignments of error, allusion was made in oral argument to the court's ruling upon said application, and prejudicial error claimed by appellant by reason of said ruling.

Sec. 2315.22 R. C. provides:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties requests otherwise, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Of this section, the Supreme Court stated, in **Bauer v. Cleveland Ry. Co., 141 Oh St 197, at page 201,** the following:

"This statute confers a substantial right, is mandatory in character, and a refusal of the court in a proper case to comply with the request provided for therein is reversible error **unless it appears from the record that the party making the request is not prejudiced by such refusal.**" (Emphasis ours.)

As part of the record in this case, we have a complete bill of exceptions, a reading of which shows beyond peradventure that the judgment herein is not only not against the manifest weight of the evidence, but is fully supported by the evidence.

46

We accordingly conclude that the refusal of the trial court to make findings of fact and conclusions of law did not, in this case, prejudice the party making the request therefor.

We have considered the other errors assigned, and we find no prejudicial error as to any of them.

The judgment will be affirmed.

HUNSICKER and DOYLE, JJ, concur.