REINHARD, D. B. A. W. J. REINHARD SONS, APPELLANT, *v.* BERTRAM, A. K. A. SCHRIEVER, APPELLEE.

(No. 8033—Decided June 25, 1956.)

*Messrs. Headley, Sibbald & Taft,* for appellant.
*Messrs. Aug, Elder & Rielly,* for appellee.

*Per Curiam.* The plaintiff, appellant herein, has presented three grounds for the reversal of the judgment below.

1. He says that the defendant was entitled to recover nothing on her cross-petition, for the reason that she failed to allege and prove that she was ready, willing and able to pay.

The difficulty with the plaintiff's position in this respect is that the defendant's cause of action was based on the failure of the plaintiff to fully perform the condition precedent, upon which the obligation of the defendant depended. In legal contemplation, the defendant's claim, as finally decided, was no more than a recoupment of a part of the contract price, which she would have been obliged to pay had the plaintiff fully performed.

2. It is urged also that the measure of damage is the difference in the market value of the building so constructed and the value had it been constructed in accordance with the contract, and that there is no evidence of such difference.

The evidence in the record shows the cost of finishing the building to make it conform to the contract. That we think conforms to the correct rule as to the measure of damage applicable to building contracts where there has been substantial performance as in this case. 16 Ohio Jurisprudence (2d), 172, Section 37.

3. Finally, it is urged that the refusal of the court to grant his request for separate findings of fact and conclusions of law is an error requiring a reversal of the judgment. There is no doubt that error was committed in that respect (*Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149, 135 N. E., 531), but whether it requires a reversal depends on whether, and to what extent, it was prejudicial to the plaintiff.

We have before us a complete bill of exceptions, upon which the plaintiff can have adjudicated every error which he has assigned. He does not urge that the judgment is contrary to the manifest weight of the evidence, and we are not required to determine whether a reversal would be required if error in that respect had been assigned. His assignment is that the judgment is contrary to law, and, as the bill of exceptions shows that it contains all the evidence, that issue is presented by the record.

We find no prejudicial error in the record.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur.