IN RE ESTATE OF SLOANE.*

(No. 2491—Decided February 13, 1959.)

---

*Motion to certify the record overruled, May 20, 1959.

*Mr. Emanuel Nadlin,* for appellant, Sun Crest Bottling Company.

*Messrs. Jacobson, Durst, Pollack & Jacobson,* for appellee.

WISEMAN, J.   This is an appeal from the judgment of the Probate Court of Montgomery County overruling appellant's motion to vacate the first and final account in the estate of Leon Sloane, deceased.

The appellant gave notice of an appeal on questions of law and fact.   Obviously, an appeal on questions of law and fact could not be sustained.   The appellant has proceeded as if the appeal were on questions of law, and the court will so regard it.   The court will, *sua sponte,* dismiss the appeal on questions of law and fact and retain the appeal on questions of law.

The appeal is taken not only from the order overruling appellant's motion to vacate the order settling the first and final account, but also from the order overruling appellant's motion to require the court to state in writing "the conclusions of fact found separately from the conclusions of law" pursuant to Section 2315.22, Revised Code.

Appellant assigns as error: Overruling appellant's motion for separate findings of fact and conclusions of law; overruling motion of appellant to vacate order settling account; the judgment is contrary to law; and the trial court failed to consider pertinent facts and failed to draw proper conclusions of law.

The Probate Court held a hearing on the motion to vacate the order settling the account, at which time the evidence was presented in the form of stipulations of counsel.   The pertinent facts are either stipulated or conceded.   The appellant had sold to the decedent a soft drink vending machine under a conditional sale contract on which there was still due the sum of $270.   The conditional sale contract was not filed of record.   Apparently the vending machine was described in the inventory as a "pop cooler."   The vending machine, together with other articles and equipment in the decedent's place of business, was sold in bulk for the sum of $2,000.   The claims of the widow and burial expenses exceeded the assets of the estate. The estate was insolvent.

The appellant had presented a claim for the balance due on the vending machine, which was listed in the schedule of claims as allowed, but, the estate being insolvent and all assets being consumed by preferred creditors and in payment of the claims of the widow, nothing was paid to general creditors.

Appellant claims that the administrator could not give good title to the vending machine because of the conditional sale contract; that the sale was made with the intention to defraud the appellant; and that the sale was void under Section 1335.02, Revised Code (statute of frauds).

The conditional sale contract not being filed of record, the status of the appellant was that of a general creditor. Section 1319.11, Revised Code. The vending machine, being in possession of the decedent, became a part of the assets of decedent's estate. *Kilbourne* v. *Fay, Exr.*, 29 Ohio St., 264, 23 Am. Rep., 741; *Hanes* v. *Tiffany*, 25 Ohio St., 549; *Whitely* v. *Weber, Admr.*, 2 C. C., 336, 1 C. D., 517; *Jones* v. *Molster, Admr.*, 11 C. C., 432, 5 C. D., 251; 35 Ohio Jurisprudence, 1009 and 1015, Sales, Sections 268 and 276; 9 Ohio Jurisprudence (2d), 636, Conditional Sales, Section 25.

Under the provisions of Section 2109.35, Revised Code, an order settling the account of a fiduciary by the Probate Court may be vacated: (A) For fraud; (B) for good cause shown by any person affected thereby, who had no knowledge of such proceeding in time to appear; (C) for good cause shown by any person affected thereby and who was a party solely by reason of being served by publication, and in such case the party must establish to the satisfaction of the court that he had no knowledge of the proceeding in time to appear. The appellant wholly failed to prove the charge of fraud. Likewise, there is no evidence whatever in this record bearing upon the question of knowledge of the appellant. The requirements of this section have not been met.

Appellant claims the court committed reversible error in overruling its request for separate findings of fact and conclusions of law. The trial court held that the proceeding was ex parte in character and not adversary and that Section 2315.22, Revised Code (separate findings), has no application to pro-

ceedings under Section 2109.35, Revised Code (vacation of order settling accounts). On this question reference is made to two opinions of the Courts of Appeals which are in apparent conflict. In the case of *In re Estate of Hughes,* 84 Ohio App., 275, 85 N. E. (2d), 583, the Court of Appeals for Butler County held that Section 11421-2, General Code (Section 2315.22, Revised Code), has no application to a proceeding in the Probate Court to probate a lost will. The rationale of the opinion is that such proceeding is ex parte and not adversary. In the case of *In re Estate of Harmon,* 87 Ohio App., 451, 96 N. E. (2d), 34, which involved an application to probate a lost will, the Court of Appeals for Lucas County held that the failure of the trial court to render separate findings of fact and conclusions of law constituted reversible error. Conceding, without deciding, that the principle of law announced in the *Harmon case* is correct, nevertheless a reviewing court may not reverse for failure of the trial court to render separate findings of fact and conclusions of law unless appellant is prejudiced thereby. In the case at bar a complete bill of exceptions has been filed and is before this court, and all claimed errors can be determined by this court by an examination of the bill of.exceptions. The judgment is amply supported by the evidence. In such case, the failure to render separate findings will not be held to be prejudicially erroneous. *Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149, 155, 135 N. E., 531; *Oxford Tp.* v. *Columbia,* 38 Ohio St., 87, 94; *Reinhard* v. *Bertram,* 101 Ohio App., 225, 136 N. E. (2d), 775; *In re Guardianship of Zimmerman,* 78 Ohio App., 297, 70 N. E. (2d), 153; *Nosik* v. *Scott,* 73 Ohio Law Abs., 44, 132 N. E. (2d), 230; *Chader* v. *Knecht,* 73 Ohio Law Abs., 134, 132 N. E. (2d), 227.

In the case at bar the weight of the evidence is not involved. The questions which require determination are questions of law. The judgment is not contrary to law. We find no assignment of error well made.

*Judgment affirmed.*

CRAWFORD, J., concurs.