ALLSTATE INSURANCE CO. ET AL., APPELLEES, *v.* DIXON, APPELLANT.

(No. 2679—Decided November 2, 1962.)

*Mr. James P. Jones*, for appellees.
*Messrs. Curtner, Brenton & Selva* and *Mr. Clifton E. Plattenburg, Jr.*, for appellant.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County, entered in favor of the plaintiffs in the amount of $165.02 as a result of an automobile collision which occurred on February 25, 1958, at the intersection of Curundu Avenue and Wilmore Street, Montgomery County, between automobiles driven by Carlton Stockslager and Ralph Dixon.

Curundu Avenue runs east and west. Wilmore Street runs north and south. On the day of the accident, Stockslager was going east and Dixon was going west on Curundu Avenue. Dixon attempted to turn to his left onto Wilmore Street, at

which time the right-rear fender of his automobile was struck by the right-front fender and bumper of the automobile being driven east on Curundu Avenue by Stockslager.

Upon appeal to this court, the defendant has set forth four assignments of error, the first of which is that the verdict and judgment was contrary to law and against the weight of the evidence. In support of this assignment of error, the defendant argues that plaintiff, Stockslager was traveling at an excessive rate of speed under the circumstances attending in the area at the time of the collision and was therefore guilty of contributory negligence. Contrary to the import of defendant's brief, it should be noted that the burden was not upon the plaintiffs to prove freedom from contributory negligence. The alleged contributory negligence of the plaintiff Stockslager was an affirmative defense, and the burden of proving that he was traveling at an unlawful rate of speed under all the circumstances was upon the defendant-appellant. 39 Ohio Jurisprudence (2d), 713, Section 140.

Upon this phase of the case, the trial court made the following finding:

"The court further finds that plaintiff Carlton Stockslager at the time of the aforesaid collision, was operating his automobile in a reasonable and prudent manner, and at a reasonable speed."

Although this finding emanates from conflicting evidence, the appraisal and evaluation of all the evidence presented upon the issue of speed was a prerogative of the trial court, and we cannot say that there is insufficient evidence to support the trial court's conclusion that the plaintiff Stockslager was proceeding in a lawful manner. In our opinion, the state of the record upon the issue of speed is such that reasonable minds may differ on the conclusions to be drawn therefrom, and, under such circumstances, we must accede to the finding of the trial court. For this reason, the first assignment of error will be overruled.

The second and third assignments of error, as set forth by the defendant, are as follows:

"2. The court erred in inadequately setting forth its separate findings of fact and conclusions of law.

"3. The court erred in refusing to clarify its separate find-

ings of fact and conclusions of law in response to a motion, with interrogatories attached, in this regard filed by the appellant."

It appears from the record that the defendant made a timely request for separate findings of fact and conclusions of law under the authority of Section 2315.22, Revised Code.

The trial court complied with this request. Sometime thereafter, however, but before judgment, the defendant submitted 18 interrogatories to the court for the purpose apparently of amplifying or clarifying the findings of fact. The motion to answer the interrogatories was overruled.

Section 2315.22, Revised Code, provides:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, one of the parties requests otherwise, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Of this section, the Supreme Court stated in *Cleveland Produce Co.* v. *Dennert*, 104 Ohio St., 149:

"The provisions of Section 11470, General Code [Section 2315.22, Revised Code], confer a substantial right and are mandatory, and where questions of fact are tried by the court without the intervention of a jury, and one of the parties with a view of excepting to the court's decision upon questions of law involved in the trial requests a separate written statement of the conclusions of fact, and as an aid to the court submits special written interrogatories for such purpose, it is the duty of the court as a part of its judgment to make answer to all interrogatories involving the ultimate facts of the controversy, and to all involving probative facts from which the ultimate facts can be inferred as a matter of law, and its failure to do so is reversible error."

In the later case of *Bauer* v. *Cleveland Ry. Co.*, 141 Ohio St., 197, the same court, at page 201, said:

"This statute confers a substantial right, is mandatory in character, and a refusal of the court in a proper case to comply with the request provided for therein is reversible error *unless it appears from the record that the party making the request is*

*not prejudiced by* such refusal. *Oxford Tp.* v. *Columbia,* 38 Ohio St., 87; *Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149, 135 N. E., 531.

"* * *

"From the language of this statute it is apparent that its chief purpose is to require the court to state its conclusions of fact when it tries the case. This enables a party to determine whether such findings of fact warrant the legal conclusions reached by the court in rendering the judgment in the case. A further purpose of such findings of fact is to avoid the necessity of an extended bill of exceptions on review. 39 Ohio Jurisprudence, 1199, Section 453." (Emphasis added.)

In the present case, a complete bill of exceptions is before the court, and all claimed errors can be determined by this court by an examination of the bill of exceptions. As heretofore indicated, the judgment is amply supported by the evidence. Under such circumstances a failure to render complete findings, if in fact there was such a failure, will not be held to be prejudicially erroneous. *Chader* v. *Knecht,* 73 Ohio Law Abs., 134; *In re Estate of Sloane,* 109 Ohio App., 110; *In re Guardianship of Zimmerman,* 78 Ohio App., 297; *Nosik* v. *Scott,* 73 Ohio Law Abs., 44. Accordingly, the second and third assignments of error will be overruled.

The fourth assignment of error, which pertains to the overruling of a motion for a new trial, will likewise be overruled.

The judgment will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.