Daniels et al., Appellees, v. Albert J. Corey Co., Appellant.

(No. 5928—Decided June 9, 1965.)

*Messrs. Boggs, Boggs & Boggs*, for appellees.
*Mr. John J. Burkhart*, for appellant.

Fess, J. This is an appeal on questions of law from a judgment entered upon a verdict of the jury for the plaintiff in the sum of $3,500.

On July 18, 1958, plaintiffs entered into a contract with the defendant for the construction of a residence on their vacant lot for the sum of $23,000. The construction of the residence was completed, and plaintiffs took occupancy on October 23, 1958, after payment of the full contract price. Within two weeks thereafter a storm occurred, which resulted in extensive leaking from the roof. Repairs attempted by plaintiffs' insurance company failed to cure the defect, and plaintiffs demanded that defendant undertake the repair of the roof. Upon defendant's

inability to correct the defect in the roof, plaintiffs brought their action in the sum of $3,500 against the defendant for damages "by reason of the use by the defendant of defective and non-suitable material and defective workmanship in the construction and repair of the roof."

At the trial, over objection of the defendant, the plaintiff husband was permitted to testify that in his opinion the present fair market value of his home was $27,500 and also that if the roof had been properly constructed, the fair market value thereof would be $31,000. Another witness on behalf of the plaintiff, qualified as an expert, testified that in his opinion the cost of the repairs necessary to correct the conditions at plaintiffs' property would amount to $2,730.

The jury returned its verdict for the full amount of the plaintiffs' claim in the sum of $3,500.

The principal errors assigned by defendant upon its appeal are:

1. Admission of evidence of the opinions of witnesses as to the fair market value of plaintiffs' "residence in its damaged condition and undamaged condition." (sic.)

2. Instructing the jury in the general charge as follows:

"* * * the rule of damages is the difference in value between the house as it should have been erected under the contract and the house as it actually was erected by the contractor."

In general, where particular omissions or defects in a builder's performance of a construction contract are of a type that may be remedied by the owner at reasonable expense, the cost of remedying the defect is the measure of damages for the builder's breach of the contract, rather than the so-called "diminution in value." 1 Restatement of the Law of Contracts, Section 346 (1) (a) (i). 76 A. L. R. 2d. 810. And where there has been substantial performance of the contract for the construction of a residence by the builder, as in the instant case, where the defects and omissions in the builder's performance of the contract are remediable at a reasonable expense, the cost of such remedying measures the owner's damages for the breach. 76 A. L. R. 2d. 815. Although most of the decisions cited in the annotation in 76 A. L. R. 2d. relate to the owner's defense to an action brought by the builder to recover the contract price, the same principle should be applied in cases where

the owner has paid in full the contract price before the breach has been discovered. In such event the owner is entitled to recover the full reasonable cost of eliminating the defect.

The right of an owner of a chattel, such as an automobile which has been damaged, to give his opinion as to its value before in contrast with its value in its damaged condition is recognized in Ohio, but apparently the same privilege is not extended to an owner of a building which has not been constructed according to contract. In accordance with the general rule prevailing in other jurisdictions, likewise, in Ohio the measure of damages is the reasonable cost of repairs of the defect. Thus in *Sadler* v. *Bromberg*, 62 Ohio Law Abs. 73, it was held that the trial court properly charged with respect to the measure of damages in a case involving the defective installation of steel wall tile in the kitchen and bathroom of a residence, where the charge given was that the measure of damages would be:

"* * * the reasonable cost of material and labor required to restore this job so as to place it in the condition contemplated by the parties when they signed the contract, that is, such an amount as would be the reasonable cost of restoring the job in both the kitchen and the bath room in a substantial and workmanlike manner."

See, also, *Reinhard* v. *W. J. Bertram Sons*, 101 Ohio App. 225; and 16 Ohio Jurisprudence 2d. 172. In commenting upon the rule, the Court of Appeals for Franklin County in the *Sadler case* quoted from 123 A. L. R. 520, as follows:

" 'In almost all, if not in all, of the jurisdictions in which the precise point has arisen, cost of correction or completion rather than loss in property value ordinarily affords the proper basis for measuring the damages which result to the owner from the breach of the building or construction contract, or other contract to change the condition of real property. * * *' "

It is, therefore, concluded that the trial court erred in instructing the jury that the measure of plaintiffs' damage was the diminution-in-value rule and in failing to charge that the measure of damages was the reasonable cost of repairing the roof of their residence. The court also erred in permitting plaintiff husband to give his opinion as to the diminution in value of the premises by reason of the defective roof.

300

The judgment is reversed and the cause remanded for a new trial, unless plaintiffs consent in writing, filed in this cause within ten days after the release of this decision, to a remittitur in the judgment of $770, in which event the judgment, as reduced and modified in the sum of $2,730, will be affirmed at defendant's costs.

*Judgment accordingly.*

Smith and Brown, JJ., concur.