Hughes, Appellant, *v.* Hughes, Appellee.

[Cite as Hughes v. Hughes (1979), 65 Ohio App. 2d 193.]

(No. 78CA-21—Decided August 1, 1979.)

*Mr. Alfred J. Weisbrod,* for appellant.
*Mr. De Wayne Smith,* for appellee.

McBride, P. J.   This history of marital discord began in 1972 with a complaint and decree of divorce. Each year thereafter the parties were regularly involved in motions for custody, visitation and support. The latest round began with a motion filed by plaintiff-appellant, Harold N. Hughes, for a change of custody of a minor child.

After a hearing (no transcript of the testimony of the hearing was provided to this court), the trial court, on March 27, 1979, filed an entry reciting:

"***that there has been no change in the circumstances of the child of the parties, Harold C. Hughes, that would indicate that it is necessary to change the custody in order to serve the best interests of the child and that, therefore, said motion is overruled."

Two days later appellant filed a request for separate findings of fact and conclusions of law pursuant to Civ. R. 52.

On April 9, 1979, the court overruled the motion for separate findings of fact and conclusions of law on the gound that Civ. R. 52 does not provide for a separate finding on a motion for change of custody. A notice of appeal was timely filed from the final order overruling the motion for change of custody.

In his brief, appellant's single assignment of error is directed to the refusal of the trial court, on April 9, 1979, to make separate findings of fact and conclusions of law after having been requested to do so.

It is significant in this case that while the notice of appeal is directed to the final entry, there is no assignment of error directed to such entry and there is no complaint that such entry was either erroneous or prejudicial. The absence of any complaint of error in the final entry raises doubts as to the purpose or effectiveness of this appeal. In the absence of a record, or any objections, or error or prejudice in the final entry, a reversal would be improper and a remand for additional special findings, useless, or at least without purpose in this case.

We do not question the authorities holding that a special finding is appropriate after a trial on the merits in an action for divorce. The question here is whether Civ. R. 52 applies to the many and varied subsequent motions (of which there is a splendid variety in this case) which may be filed under the continuing supervisory jurisdiction of the Court of Common Pleas, Division of Domestic Relations.

As a contributor to the proposed draft of Civ. R. 52, the writer confesses that time has erased the memory of the progress of the rule in the Civil Rules Committee. The intent of Civ. R. 52 must be construed from the language used.

The opening sentence of Civ. R. 52 — "When questions of fact are tried by the court without a jury, *judgment may be general for the prevailing party* unless***"—is consistent with the customary, non-jury trial on the merits, such as an action for divorce, in which a general verdict or a general judgment results. Arguably, the reference to a general judgment for either party eliminates purely motion and administrative matters, even though facts that are in dispute may be involved in the specific order that results. Ancillary motions for specific

relief do not result in a judgment that may be "general for the prevailing party."

The Civil Rules Committee discussed decisions on motions, resulting in the current provision—"Findings of fact and conclusions of law required by this rule [Civ. R. 52] and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56"—that findings required by the rule are unnecessary upon *all other motions* including those specifically identified. Use here of the term *"all other"* suggests that all, other than motions described in Civ. R. 52 or otherwise expressly included, are excluded from Civ. R. 52.

Here, the trial court specifically concluded, as an ultimate fact, that there was no change of circumstances such as to make it necessary to change custody in the best interests of the child. This is a determinative conclusion of fact that may be improved only by dressing it with evidence, much of it negative in nature. The memorandum of decision by the trial court on the motion is sufficient, as provided in the last paragraph of Civ. R. 52. If it is not, appellant does not specifically point out or otherwise exemplify wherein it fails.

In addition, as previously pointed out and ignoring the reasons stated, finding error in either the denial by the court or in the nature of the memorandum of the trial court's order would be an exercise in futility. There is no complaint and no assignment of error or prejudice as to the specific finding and final order of the trial court. Therefore, regardless of our construction of Civ. R. 52, the final order must be affirmed.

The assignment of error is denied, and the order of the Court of Common Pleas, Division of Domestic Relations, of Miami County is hereby affirmed.

*Order affirmed.*

PHILLIPS, J., concurs.

KERNS, J., concurring in the judgment.

A case involving a motion for a change of custody contemplates an order which necessarily must be based upon the determination of factual issues and the application of governing statutes; and this proceeding was subject,therefore, to the provisions of Civ. R. 52, which provides, among other things, that if a timely request is made for findings of fact

stated separately from conclusions of law, then "the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The duty imposed by Civ. R. 52 was extracted directly from former R. C. 2315.22. In *Bauer* v. *Cleveland Ry. Co.* (1943), 141 Ohio St. 197, the Supreme Court commented, at pages 201 to 202, upon the predecessor to that section as follows:

"This statute confers a substantial right, is mandatory in character, and a refusal of the court in a proper case to comply with the request provided for therein is reversible error *unless it appears from the record that the party making the request is not prejudiced by such refusal. Oxford Tp.* v. *Columbia,* 38 Ohio St., 87; *Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149, 135 N.E., 531." (Emphasis added.)

Here, the record, which includes the entry of March 27, 1979, sufficiently shows that the failure to render complete findings did not have any material effect upon the outcome of the case; and for this reason, I concur in the judgment. See *Allstate Ins. Co.* v. *Dixon* (1962), 118 Ohio App. 521; *In re Estate of Sloane* (1959), 109 Ohio App. 110.