I agree with Judge Wise as to the analysis and disposition of the first assignment of error. I agree with Judges Wise and Hoffman as to the analysis and disposition of the second, fourth, fifth and sixth assignments of error. However, I respectfully dissent as to the analysis and disposition of the third assignment of error. Appellants, in their third assignment of error, challenge the trial court's calculation of compensatory damages. Appellants specifically argue that the trial court's calculation of appellants' damages for appellee's breach of its implied duty to perform work in a workmanlike manner was against the manifest weight of the evidence. I agree with appellants that the damage figure awarded by the trial court was not supported by the manifest weight of the evidence. The trial court in its April 13, 1998, Decision, awarded appellants a total of $11,465.00 in compensatory damages due to appellee's breach of contractual duties. The decision reads, in pertinent part, as follows:
 "The specific dollar amounts for damages due to plaintiffs were based upon the testimony of Don Davis. It is found by the Court that the following damages have been proven by a preponderance of the evidence to have been proximately caused by defendant's breach of contract duties. The measure of damages is the reasonable cost of material and labor required to place the building in the conditions contemplated by the parties at the time they entered into the contract.
First National Bank of Akron v. Coan, (N.D.Ohio. 1980). 503 F. Supp. 419; Daniels v. Corey Co., (1955), 2 Ohio App.2d 297, 208 N.E.2d 150.
The Court does find the following damages to plaintiffs as a proximate result of defendant Hinkles breach of his contract obligations:
 (a) Repair of foundation block wall, excavation around exterior of basement walls to the bottom of the footer, scraping and cleaning of basement walls, waterproofing and backfilling with stone. $3000
 (b) Removing and replacing garage concrete apron on east side of house. $800
 (c) Install siding at dog pen and install rubber lines for drain gutter. $190
(d) Remove and replace front porch slab. $1410
(e) Repairs of garage and basement floor slabs. $500
 (f) Repairs of main support beam in basement with additional 2" x 12's added support column jacks and adequate support bearing plates, also repair of sump pump pipe connection. $1200
 (g) Repair of interior dry wall as needed, painting interior walls and ceilings and adjustment of doors. $2700
 (h) Removal of excavation debris, rough grade of yard, install shutters, restretch living room carpet, repair gutters and adjust garage doors. $900
 (i) Repair/replace back steps to usable condition, including repair of basement stairs.
 *It appears that the drawings do show a porch or steps, and the height above ground would imply need for steps. $200
 (j) Reimbursement of plaintiffs for advances repairs, including correcting drains, driveway grading, trash removal and repair of air conditioner. $565
TOTAL $11,465
In his itemized report, appellants' expert, Don Davis, a real estate appraiser and consultant, had estimated the total cost to "return the home to a solid structure" at $31,676.07. (This figure includes $14,490.00 for the underpinning addressed in the fourth assignment of error.) The trial court, in its April 13, 1998, Decision, specifically awarded appellants a total of $3,000.00 for repairs to the foundation block, including excavation, scraping, waterproofing and backfilling with stone. However, Don Davis, appellants' expert, testified that the total cost for the same would be $3,829.48. See Transcript of Proceedings at 176-177. Moreover, Davis, in his report, broke down the costs as follows:
 Excavate around the exterior of the basement walls to the bottom of the footer. 104 cubic yards at 6.00 per cubic yard $624.00
Install new perimeter drain tile 136' at $7.54 per foot $1,025.44
 Scrape and clean exterior basement walls 16 hours at $18.86 per hour $301.76
 Spray two coats of basement seal — approximately 1,248 square feet at $.48 per foot $599.04
 Backfill with #8 washed stone within two feet of the top of the ground — 100 ton #8 limestone at $10.00 per ton $1,000.00 Labor w/loader to install stone 4 hours at $40.00 per hour $160.00
 Backfill remaining two feet with soil to provide a positive grade away from the foundation walls. 22 cubic yards soil at $5.42 per yard $119.24
The above figures total $3,829.48, which is consistent with Davis' competent, credible testimony. Since such figure was unrefuted by appellee, the trial court erred in only awarding appellants $3,000.00 for repairs to the foundation block wall rather than $3,829.48. Such decision was against the manifest weight of the evidence. The trial court, in its April 13, 1998, Decision, also awarded appellants $500.00 for repairs to the garage and basement floor slabs. This court is unable to determine how the trial court arrived at such figure. Don Davis, in his report, listed repairs to the garage floor alone totaling $2,339.71. At the trial in this matter, Davis himself testified that it would cost $2,339.71 "to remove the concrete floor in the garage and replace it." Transcript of Proceedings at 180. Since such testimony was unrefuted by appellant, we find that the trial court's decision to award appellants only $500.00 for repairs to the garage and basement floors rather than $2,339.71 was against the manifest weight of the evidence. In short, we find that the trial court `s determination of damages was against the manifest weight of the evidence. The trial court substituted its own repair figures for the figures testified to by Don Davis despite the unrefuted competent, credible evidence presented by Don Davis, via his testimony and report. We find that Don Davis, via his unrefuted testimony and report, established damages totaling $15,737.07. Moreover, testimony was adduced at trial that engineering services in the amount of $2,000.00 to $3,000.00 would be needed to make the required repairs. Based on the foregoing, we find that the trial court, from the clear and unrefuted evidence, should have awarded appellants a total of $17,737.07 ($15,737.07 plus $2,000.00) in compensatory damages. The trial court's decision to award appellants only $11,465.00 in damages despite unrefuted competent, credible evidence establishing $17,737.07 in damages was against the manifest weight of the evidence. Such decision was unreasonable based upon the testimony and evidence adduced at trial. While I agree with my colleagues that the trial court did not have to accept the credibility of the expert's testimony in toto, the trial court cannot just arbitrarily select damage amounts. Therefore, I would sustain appellant's third assignment of error.